**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| PHILADELPHIA EAGLES LIMITED PARTNERSHIP,<br><br>          Plaintiff,<br><br>     v.<br><br><br>FACTORY MUTUAL INSURANCE COMPANY,<br><br>          Defendant. | :<br>:<br>:<br>:<br>:<br>: CIVIL ACTION NO. _____<br>:<br>:<br>:<br>:<br>:<br>: |

## NOTICE OF REMOVAL

Pursuant to Sections 1332, 1441, and 1446 of Title 28 of the United States Code, Defendant Factory Mutual Insurance Company ("FMIC"), by and through its attorneys, Butler Weihmuller Katz Craig LLP, hereby gives notice of the removal of this action from the Court of Common Pleas of Philadelphia County, Pennsylvania to the United States District Court for the Eastern District of Pennsylvania, and as grounds for removal states as follows:

**I.     BACKGROUND AND PROCEDURAL HISTORY**

**A.     Commencement of State Court Action and Service of Process**

1.     On or about March 11, 2021, Plaintiff, Philadelphia Eagles Limited Partnership ("Philadelphia Eagles") filed a Complaint against FMIC in the Pennsylvania Court of Common Pleas, Philadelphia County, Civil Case No. 210301454.  A copy of the Complaint is attached hereto as Exhibit A, as required by 28 U.S.C. § 1446(a).

2.     Plaintiff served FMIC with a copy of the Complaint on March 17, 2021.

3.     Section 1446(b) provides as follows:

> The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

4.      This Notice of Removal is timely because it was filed within thirty days from the date on which FMIC had notice that the action was removable, and because it was filed less than one year after the commencement of the state court action.  28 U.S.C. §§ 1446(b) and (c).

**B.      Plaintiff's Claims**

5.      Plaintiff is a football organization and alleges that it "incurred and continue to incur substantial financial loss caused by the damages of Coronavirus and the resulting interruption of the team's business activities." Ex. A, Compl., ¶ 5.  Plaintiff alleges that FMIC issued to it a policy of commercial property insurance (the "Policy").  *Id.,* ¶ 6.

6.      Plaintiff alleges that because of the "risks associated with the Coronavirus pandemic" and "in compliance with government guidance and orders," it "limited, reduced or suspended operations at its covered premises."  Ex. A, Compl., ¶ 95.  Plaintiff contends it has suffered "multiple millions of dollars in loss" as a result.  *Id.,* ¶ 30.

7.      Plaintiff further contends that it made claim for such losses under the Policy and FMIC denied coverage. *Id.,* ¶¶ 146-152. In addition, Plaintiff claims that due to FMIC's "conduct" (*i.e.* its alleged breach of the Policy), Plaintiff should be excused from performing its duties under the Policy.  *Id.,* ¶ 161.

8.      In the only count of the Complaint (Count I), Plaintiff seeks a declaratory judgment under 42 Pa.C.S. §§ 7531-7541 rejecting Factory Mutual's denial of its claim

and declaring that it is entitled to be paid for "the full amount of losses incurred as a result of the risks of the Coronavirus pandemic," together with attorney's fees and costs of suit. *Id.*, ¶ 161 and Prayer for Relief.

## II.   VENUE

9.      "[A]ny civil action brought in a state court of which the district courts of the United States have original jurisdiction, may be removed by the defendant to the district court of the United States for the district and division embracing the place where such action is pending."  28 U.S.C. § 1441(a).  The Eastern District of Pennsylvania is the district that embraces Philadelphia County.

## III.   BASIS FOR REMOVAL

10.      The basis for federal court jurisdiction in this case is 28 U.S.C. § 1332, diversity of citizenship, which provides, in relevant part, that federal district courts have original jurisdiction of civil actions between citizens of different states where the amount in controversy exceeds $75,000, exclusive of interest and costs. This action satisfied both conditions.

11.      Upon information and belief, the Philadelphia Eagles are a Pennsylvania corporation with its principal place of business is located at 1 NovaCare Way, Philadelphia, Pennsylvania 19145.  Ex. A, Compl.

12.      FMIC is a Rhode Island corporation with its principal place of business located in Johnston, Rhode Island. Therefore, FMIC is a citizen of the state of Rhode Island.

13.      Therefore, the parties are citizens of different states.

14.     Under § 1332(a), diversity subject matter jurisdiction requires that the matter in controversy "exceed[] the sum or value of $75,000, exclusive of interest and costs."  A notice of removal "need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold," and if contested, a court will determine whether the threshold is met by a preponderance of the evidence. *Dart Cherokee Basin Operating Co. v. Owens*, 135 S. Ct. 547, 553-54 (2014); *see Klaphake v. Columbia Gas Transmission, LLC*, No. 17-1359, 2018 WL 1736791, at *1 (W.D. Pa. Apr. 11, 2018) (denying motion to remand and applying preponderance of the evidence standard in resolving disputed amount in controversy); *Scaife v. CSX Transportation*, No. 3:19-cv-60, 2019 WL 3353727, at *5 n.8 (W.D. Pa. July 25, 2019) (finding unpersuasive decisions in the Third Circuit that continue to apply the legal certainty test to disputed amounts in controversy subsequent to the Supreme Court's decision in *Dart Cherokee Basin Operating Co.*). The amount in controversy for declaratory relief actions is measured by the value of the object in the litigation. *See Excel Pharmacy Services, LLC v. Liberty Mutual Insurance Company*, 389 F. Supp. 3d 289, 293 n.6 (E.D. Pa. 2019); *Hunt v. Washington State Apple Advertising Com'n*, 432 U.S. 333, 347 (1977).

15.     Although the Complaint does not plead a demand for a specific amount of damages, it alleges that Plaintiff suffered multiple millions of dollars in damages as the result of the "risks of the Coronavirus pandemic," and requests that the Court order Factory Mutual to pay it the "full amount" of such losses, along with attorney's fees and costs of suit.

16.     Moreover, the Complaint does not seek to limit damages below the jurisdictional threshold of this Court.

4

17.     FMIC denies the validity and merits of the entirety of Plaintiff's alleged claims, the legal theories upon which those claims are based, and the allegations for monetary and other relief requested. However, for purposes of removal only, and without conceding that Plaintiff is entitled to any damages or other relief whatsoever, the amount in controversy plausibly exceeds $75,000, exclusive of interest and costs. As such, this Court has diversity jurisdiction over this matter and it is removable under 28 U.S.C. § 1441(b).

## IV.     CONCLUSION

18.     A copy of this Notice of Removal is being filed with the Prothonotary of the Court of Common Pleas of Philadelphia County, Pennsylvania, and is being served on counsel of record, in compliance with 28 U.S.C. §§ 1446(a) and (d).  Exhibit B.

19.     Pursuant to 28 U.S.C. § 1446(a), copies "of all process, pleadings, and orders" received by FMIC are attached to this filing.  FMIC has not answered or otherwise responded to the Complaint.

20.     Removal of Plaintiff's case to the United States District Court for the Eastern District of Pennsylvania is required under the circumstances of this case because all parties are citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs.

WHEREFORE, Defendant, Factory Mutual Insurance Company, respectfully removes this action to the United States District Court for the Eastern District of Pennsylvania for further proceedings pursuant to this Notice.

Respectfully submitted,

BUTLER WEIHMULLER KATZ CRAIG LLP

s/Richard D. Gable, Jr.
Richard D. Gable, Jr., Esq.
PA Attorney ID No. 65842
Adam B. Masef, Esq.
PA Attorney ID No. 313468
Jenaleigh Castano, Esq.
PA Attorney ID No. 327712
1818 Market Street, Suite 2470
Philadelphia, PA 19103
rgable@butler.legal
amasef@butler.legal
jcastano@butler.legal
*Attorneys for Defendant, Factory Mutual Insurance Company*

Dated: April 15, 2021

## **CERTIFICATE OF SERVICE**

I, Richard D. Gable, Jr., hereby certify that a true and correct copy of the foregoing

Notice of Removal, electronically filed this 15th day of April, 2021, will be served on the

following counsel of record via the Court's Electronic Filing System:

Charles A. Fitzpatrick IV, Esq.
Blank Rome LLP
One Logan Square
130 North 18th Street
Philadelphia, Pennsylvania 19103

*Attorneys for Plaintiff*


/s/ Richard D. Gable, Jr.
RICHARD D. GABLE, JR., ESQ.
*Attorney for Defendant, Factory Mutual Insurance Company*