## IN THE UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| PHILADELPHIA EAGLES LIMITED PARTNERSHIP, | : | |
| | : | |
| | : | |
| Plaintiff, | : | |
| | : | Case No. 2:21-cv-01776-MMB |
| v. | : | |
| | : | |
| | : | |
| FACTORY MUTUAL INSURANCE COMPANY, | : | |
| | : | |
| | : | |
| Defendant. | : | |

## DEFENDANT FACTORY MUTUAL INSURANCE COMPANY'S
## MEMORANDUM OF LAW IN OPPOSITION TO
## PLAINTIFF'S MOTION TO REMAND

Richard D. Gable, Jr. (Pa. ID No. 65842)
Adam B. Masef (Pa. ID No. 313468)
**BUTLER WEIHMULLER KATZ CRAIG LLP**
1818 Market Street, Suite 2740
Philadelphia, PA 19103
Telephone: (215) 405-9191
Facsimile: (215) 405-9190
rgable@butler.legal
amasef@butler.legal

*Attorneys for Defendant, Factory Mutual
Insurance Company*

## TABLE OF CONTENTS

TABLE OF CONTENTS ................................................................................................. i

TABLE OF AUTHORITIES ......................................................................................... ii

I.       INTRODUCTION ............................................................................................. 1

II.      RELEVANT ALLEGATIONS AND PROCEDURAL HISTORY ................................... 2

III.     ARGUMENT ..................................................................................................... 4

         A.      The Complaint Seeks Independent Legal Relief for Breach of Contract
                 Requiring this Court to Exercise Jurisdiction. ......................................... 4

         B.      Even if Plaintiff's Complaint Seeks Only Declaratory Relief, This Court
                 Should Still Retain Jurisdiction. ............................................................. 8

                 1.     A declaration would resolve the uncertainty of obligations which
                        gave rise to this action. .............................................................. 9

                 2.     The Eastern District of Pennsylvania is a convenient venue. .................. 11

                 3.     The public interest is not at stake in this private insurance coverage
                        dispute. ..................................................................................... 11

                 4.     There are no other available remedies that are more convenient. ............ 18

                 5.     There is no need to exercise "restraint" because there is no pending
                        state court action. ...................................................................... 18

                 6.     There is no threat of duplicative litigation. ...................................... 19

                 7.     There is no procedural fencing or race for res judicata. ......................... 19

                 8.     There is no conflict of interest. ..................................................... 19

VI.      CONCLUSION ................................................................................................ 20

CERTIFICATE OF SERVICE .................................................................................... 21

## TABLE OF AUTHORITIES

**Cases**

*1 S.A.N.T., Inc. v. Berkshire Hathaway, Inc.*,
  2021 WL 147139, at *6–7 (W.D. Pa. Jan. 15, 2021) ........................................................ 11

*4431, Inc. v. Cincinnati Ins. Co.*,
  2020 WL 7075318, at *5 (E.D. Pa. Dec. 3, 2020) ............................................. 5, 8, 12, 14

*Allstate Vehicle & Prop. Ins. Co. v. Harris*,
  2020 WL 4201598, at *4 (E.D. Pa, July 22, 2020) .......................................................... 10

*Brian Handel DM.D., P.C. v. Allstate Ins. Co.*,
  2020 WL 6545893, at *3 (E.D. Pa. Nov. 6, 2020) ..................................................... 12, 16

*Cleland Simpson Co. v. Firemen's Ins. Co. of Newark, N.J.*,
  140 A.2d 41 (Pa. 1958) .................................................................................................... 16

*Co. River Water Conserv.n Dist. v. United States*,
  424 U.S. 800 (1976) ................................................................................................ passim

*Colony Ins. Co. v. Troensa Constr., Inc.*,
  2018 WL 4676038, at *8 (D.N.J. Sept. 28, 2018) ............................................................ 10

*Compare Foremost Ins. Co. v. Nosam*, LLC,
  2018 WL 417035, at *3 (E.D. Pa. Jan. 12, 2018) ............................................................ 19

*Greg Prosmushkin, P.C. v. Hanover Ins. Grp.*,
  479 F. Supp. 3d 143,  at *3 (E.D. Pa. Aug. 14, 2020) ....................................................... 6

*Griggs Rd., L.P. v. Selective Way Ins. Co. of Am.*,
  2017 WL 2645542, at *4 (M.D. Pa. June 19, 2017) .......................................................... 5

*Hair Studio 1208, LLC v. Hartford Underwriters Ins. Co.*,
  No. 2:20-cv-02171-MSG, slip op. at 14-18 (E.D. Pa. May 14, 2021) ............................. 11

*Harleysville Worcester Ins. Co. v. Pediatric Assocs. Of Westmoreland, Ltd.*,
  2020 WL 5544413, at *2 (W.D. Pa. Sept. 16, 2020) ....................................................... 18

*Indep. Rest. Grp. v. Certain Underwriters at Lloyd's, London*,
  2021 WL 131339, at *7 (E.D. Pa. Jan. 14, 2021) ...................................................... 11, 17

*Intermetal Mexicana v. Ins. Co. of N. Am.*,
  866 F.2d 71 (3d Cir. 1989) .............................................................................................. 15

*Kelly v. Maxum Specialty Ins. Grp.*,
  868 F.3d 274 (3d Cir. 2017) ..................................................................................... passim

*Kessler Dental Assocs., P.C. v. Dentists Ins. Co.*,
  2020 WL 7181057 (E.D. Pa. Dec. 7, 2020) ........................................................ 12, 14, 17

*Lac D'Amiante du Quebec, Ltee v. Am. Hlme Assur. Co.*,
  864 F.2d 1033 (3d Cir. 1988) .......................................................................................... 12

*Landmark Am. Ins. Co. v. Madnracchia*,
  2019 WL 3934913, at *3 (E.D. Pa. Aug. 19, 2019) ......................................................... 10

*Lloyd v. Travelers Prop. Cas. Ins. Co.*,
   699 F. Supp. 2d 812 (E.D. Va. Mar. 19, 2010) ................................................................ 13

*Main St. Am. Assur. Co. v. Connolly Contractors, Inc.*,
   2020 WL 6712228, at *1 (E.D. Pa. Nov. 16, 2020) ........................................................ 18

*Marin v. Sec'y of Pennsylvania*,
   2014 WL 4829077, at *2 (W.D. Pa. Sept. 29, 2014) ...................................................... 19

*Mellon v. Fed. Ins. Co.*,
   14 F.2d 997, 1002 (S.D.N.Y. 1926) ................................................................................ 16

*Meredith v. City of Winter Haven*,
   320 U.S. 22 (1943) .......................................................................................................... 10

*Miranda v. Contreras*,
   754 A.2d 277 (D.C. Cir. 2000) .......................................................................................... 6

*Mississippi ex rel. Hood v. AU Optronics Corp.*,
   571 U.S. 161 (2014) .......................................................................................................... 6

*Moody v. Hartford Fin. Grp., Inc.*,
   2021 WL 135897, at *6 (E.D. Pa. Jan. 14, 2021) .................................................... 11, 17

*N&S Rest. LLC v. Cumberland Mut. Fire. Ins. Co.*,
   2020 WL 6501722, at *5 (D.N.J. Nov. 5, 2020) ............................................................ 14

*Nationwide Prop. & Cas. Ins. Co. v. Zatyko*,
   2016 WL 6804436, at *3 (E.D. Pa. Nov. 16, 2016) ........................................................ 10

*Ogrizovich v. CUNA Mut. Grp.*,
   2015 WL 12778403, at *5 (W.D. Pa. Feb. 13, 2015) ...................................................... 13

*Osenbach v. Allstate Fire & Cas. Ins. Co.*,
   135 F. Supp. 3d 315 (E.D. Pa. 2015) ............................................................................... 13

*Ralph Lauren Corp. v. Factory Mut. Ins. Co.*,
   2:20-cv-10167-SDW-LDW (D.N.J May 12, 2021) ........................................................ 17

*Rarick v. Fed. Serv. Ins. Co.*,
   852 F.3d 223 (3d Cir. 2017) ..................................................................................... passim

*Reifer v. Westport Ins. Corp.*,
   751 F.3d 129 (3d Cir. 2014) ..................................................................................... passim

*Riedi v. GEICO Cas. Co.*
   2017 WL 2957831, at *2 (E.D. Pa. July 11, 2017) .......................................................... 6

*Ryan v. Johnson*,
   115 F.3d 193 (3d Cir. 1997) ............................................................................................ 10

*Schodle v. State Farm Mut. Auto. Ins. Co.*,
   2017 WL 1177133, at *2 (E.D. Pa. Mar. 30, 2017) .................................................. 5, 7, 8

*State Farm Fire & Cas. Ins. Co. v. Jones*,
   2015 WL 3645260, at *2 (W.D. Pa. June 10, 2015) ........................................................ 13

*Sullo v. Nationwide Prop. & Cas. Ins. Co.*,
   2019 WL 3337059 (M.D. Pa. July 24, 2019) ....................................................... 18

*Toppers Salon & Health Spa v. Travelers Prop. Cas. Ins. Co. of Am.*
   2020 WL 7024287 (E.D. Pa. Nov. 30, 2020) .............................................. 12

*Ware v. Rodale Press, Inc.*,
   322 F.3d 218 (3d Cir. 2003) ........................................................................ 6

*Wilson v. Harford Cas. Co.*,
   492 F. Supp. 3d 417 (E.D. Pa. Sept. 30, 2020) ....................................... 5

*Wilson v. USI Ins. Svcs. LLC*,
   No. 20-3124 (3d Cir. Oct. 20, 2020) ............................................. 5, 8, 12, 14

*Yang v. Tsui*,
   416 F.3d 199 (3d Cir. 2005) ......................................................................... 8

**Statutes**

42 Pa. Const. Stat. §§ 7531-41 ......................................................................... 3

**Other Authorities**

10B Charles Alan Wright & Arthur Miller, *Federal Practice and Procedure* § 2759 (4th
   ed.) ............................................................................................................ 10

13A Couch Cyclopedia of Insurance Law § 48:141, at 139 (1982) ............................. 15

5A Charles Alan Wright & Arthur Miller, *Federal Practice and Procedure* § 1324 (4th
   ed.) ............................................................................................................. 5

John P. Gorman, *All Risks of Loss v. All Loss: An examination of Broad Form Insurance
   Coverages*, 34 Notre Dame L. Rev. 346 (1959) ............................................. 16

Matthew Santoni, *3rd Circ. Asks Why Judges Snubbed Virus Insurance Suits*, Law360
   (Apr. 28, 2021), https://www.law360.com/articles/1379691/3rd-circ-asks-why-
   judges-snubbed-virus-insurance-suits (last visited May 12, 2021) ..................... 4

Michael Tanenbaum, *Philly Aims to Life Remaining COVID-19 Restrictions on June 11,
   but First an Incremental Step Toward that Goal*, Philly Voice,
   https://www.phillyvoice.com/phillies-games-tailgaiting-citizens-bank-park-covid-
   19-capacity-limits-restrictions-sixers-union (last visited May 14, 2021) ............... 7

University of Pennsylvania Carey Law School Covid Coverage Litigation Tracker,
   *available at* https://cclt.law.upenn.edu/cclt-case-list/. ..................................... 12

## I.     INTRODUCTION

Defendant Factory Mutual Insurance Company ("FM") respectfully submits this memorandum of law in opposition to the motion to remand filed by Plaintiff, Philadelphia Eagles Limited Partnership. The motion should be denied because (1) this case involves an insurance coverage dispute where Plaintiff is seeking legal relief for breach of contract independent of its claim for declaratory relief and the Court is required to retain jurisdiction; and (2) even if the Court were to find that Plaintiff is seeking only declaratory relief, the factors enunciated in *Reifer v. Westport Ins. Corp.*, 751 F.3d 129 (3d Cir. 2014), support this Court exercising jurisdiction.

This case is an insurance coverage dispute where Plaintiff, despite the styling of its Complaint, is seeking monetary compensation for breach of contract for alleged economic losses caused by COVID-19. Because there is no parallel state court proceeding, the *Colorado River* abstention doctrine does not apply and jurisdiction is mandatory.

Even if this Court were to find that Plaintiff is seeking declaratory relief only, and that it therefore has discretion to decline jurisdiction, it should still refuse to do so. Significantly, there is no parallel state court proceeding concerning the issues in this case, and this militates in favor of this Court exercising jurisdiction and creates a rebuttable presumption that federal jurisdiction is appropriate. Second, this case does not involve unsettled questions of state law warranting abstention. Federal courts routinely decide insurance coverage disputes where a court is asked to interpret the language of an insurance contract. Just because this case involves a complex and novel factual situation that has and is likely to be the subject of a significant number of cases in Pennsylvania state courts does not mean that the area of law surrounding insurance policy interpretation is unsettled. Whether this case is heard in state or federal court, the court will need to apply long-settled concepts of contract interpretation to decide whether coverage is available to

Plaintiff.   Indeed, at least thirty Pennsylvania federal courts have already ruled on COVID-19 coverage claims just like those here and found that they are not covered.

Moreover, the other *Reifer* factors support this Court retaining jurisdiction.   Notably, Plaintiff fails to explain how the adjudication of this case by this Court would fail to resolve the matter; Plaintiff fails to explain how a general policy of restraint warrants this court remanding the case; and there is no risk of duplicative litigation.   For these reasons and those stated below, this Court should deny Plaintiff's motion to remand and should retain jurisdiction to decide FM's pending motion to dismiss Plaintiff's Complaint.

## II.   RELEVANT ALLEGATIONS AND PROCEDURAL HISTORY

Plaintiff is a football organization and alleges that it and its insured subsidiaries "incurred and continue to incur substantial financial loss caused by the dangers of Coronavirus and the resulting interruption of the team's business activities."   Compl. ¶ 5, ECF No. 1-1.   Specifically, Plaintiff alleges that due to the "near certain risk of physical harm caused by Coronavirus," as well as various government orders issued due to the Coronavirus in jurisdictions where the Premises are located, Plaintiff was forced to cancel or restrict in-person attendance at its stadium and close or restrict access to the teams corporate headquarters, training facility and merchandise stores.   *Id.* ¶¶ 5, 87 – 104.   Plaintiff alleges that FM issued to it a policy of commercial property insurance, insuring its property against "ALL RISKS OF PHYSICAL LOSS OR DAMAGE, except as hereinafter excluded, while located as described in this Policy."   *Id.* ¶¶ 6, 37.   Plaintiff alleges that it faced and continues to face the "risks associated with the Coronavirus pandemic" and "in compliance with government guidance and orders," it "limited, reduced or suspended operations at its covered premises."   *Id.* ¶ 95.   Plaintiff contends it has suffered "multiple millions of dollars in loss" as a result.   *Id.* ¶ 30.   Plaintiff further contends that it made claims for such losses under

the Policy's Time Element coverages and FM denied coverage for such claims. *Id.* ¶¶ 146-152. In addition, Plaintiff claims that due to FM's "conduct" (i.e., its alleged breach of the Policy), Plaintiff should be excused from performing its duties under the Policy. *Id.* ¶ 161.

In the only count of the Complaint (Count I), Plaintiff seeks a declaratory judgment under 42 Pa.C.S. §§ 7531-41 rejecting FM's denial of its claim and declaring that it is entitled to be paid for "the full amount of losses incurred as a result of the risks of the Coronavirus pandemic," together with attorneys' fees and costs of suit. *Id.* ¶ 161 and Prayer for Relief.

In seeking coverage under the Policy, Plaintiff's legal theory is that coverage for its financial losses is triggered because it limited or ceased operations not only because of actual physical loss or damage to covered property, but also due to the "imminent 'risk' that Coronavirus would cause physical loss or damage to covered property." *Id.* ¶ 118. Plaintiff also maintains that it suffered "physical loss" because it suffered "deprivation, decrease or having less of" its covered property due to the Coronavirus pandemic. *Id.* ¶ 53.

Plaintiff commenced this lawsuit against FM in the Court of Common Pleas of Philadelphia County on March 21, 2021. FM timely removed the case to this Court on April 20, 2021, (ECF Nos. 1-5), and moved to dismiss on April 23, 2021 (ECF No. 6). The motion to dismiss is still pending and Plaintiff has not yet responded. Ten days later, Plaintiff filed its Motion to Remand. (ECF No. 10). This opposition follows.

## III.   ARGUMENT

### A.   The Complaint Seeks Independent Legal Relief for Breach of Contract Requiring this Court to Exercise Jurisdiction.[1]

Federal law requires this Court to retain jurisdiction because this action seeks legal relief for an alleged breach of contract that is independent of the declaratory relief being sought by Plaintiff. Where both types of relief are sought, a district court must exercise jurisdiction if (1) the legal relief is "independent" of the declaratory relief; and (2) the *Colorado River* doctrine does not permit abstention. Here, abstention is not appropriate because the legal relief is independent of any declaratory relief and because there is no parallel state court proceeding.

"Abstention from the exercise of federal jurisdiction is the exception, not the rule." *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 813 (1976). "A federal district court's discretion to decline jurisdiction depends on whether the complaint seeks legal or declaratory relief. When an action seeks legal relief, federal courts have a "virtually unflagging obligation" to exercise jurisdiction." *Rarick v. Federated Serv. Ins. Co.*, 852 F.3d 223, 227 (3d Cir. 2017) (quoting *Colorado River*, 424 U.S. at 817). Requesting damages for a breach of contract is a claim for legal relief. *See id.* at 229.

The Third Circuit has established the "independent claim test" to determine whether a district court should exercise jurisdiction over an action seeking both declaratory and legal relief based on issues of state law. *4431, Inc. v. Cincinnati Ins. Co.*, No. 5:20-cv-04396, 2020 WL

---

[1] The issues raised by Plaintiff's motion to remand are currently on appeal before the Third Circuit. *See Dianoia's Eatery, LLC v. Motorists Mut. Ins. Co.*, Case Nos. 20-2954 and 20-2958; *see also* Matthew Santoni, *3rd Circ. Asks Why Judges Snubbed Virus Insurance Suits*, Law360 (Apr. 28, 2021), https://www.law360.com/articles/1379691/3rd-circ-asks-why-judges-snubbed-virus-insurance-suits (last visited May 12, 2021). Should this Court decide that remand is appropriate, FM respectfully requests that this Court stay its decision until the Third Circuit has ruled in the *Dianoia's Eatery* matter.

7075318, at *5 (E.D. Pa. Dec. 3, 2020) (citing *Rarick*, 852 F.3d at 229).  Pursuant to this test, claims for legal and declaratory relief are "independent" "when they are alone sufficient to invoke the court's subject matter jurisdiction and can be adjudicated without the requested declaratory relief."  *Rarick*, 852 F.3d at 228 (citation omitted).  Courts in the Third Circuit have routinely held that breach of contract claims asserted with declaratory judgment claims are independent.  *See, e.g.*, *4431, Inc.*, 2020 WL 7075318, at *4 (citing *Rarick*, 852 F.3d at 228); *Wilson v. Harford Cas. Co.*, 492 F. Supp. 3d 417, 424-25 (E.D. Pa. Sept. 30, 2020), *appeal docketed sub nom.*, *Wilson v. USI Ins. Svcs. LLC*, No. 20-3124 (3d Cir. Oct. 20, 2020); *Griggs Rd., L.P. v. Selective Way Ins. Co. of Am.*, 2017 WL 2645542, at *4 (M.D. Pa. June 19, 2017); *Schodle*, 2017 WL 1177133, at *2.

Here, Plaintiff's claims for legal relief are independent of any claim for declaratory relief because the legal claim alone is sufficient to invoke this Court's diversity jurisdiction and the matter can be adjudicated without any requested declaratory relief.  Because Plaintiff is seeking money damages under its insurance policy, this case can be completely resolved by adjudicating the breach of contract claim.  *Griggs*, 2017 WL 2645542, at *4.

Simply styling the Complaint as one seeking only declaratory judgment and using only one Count is not controlling.  *See* 5A Charles Alan Wright & Arthur Miller, *Federal Practice and Procedure* § 1324 (4th ed.) ("Rule 10(b) does not make it necessary to use separate counts to state different theories of recovery . . . ."); *id.* § 1325 ("No rule prescribes the number of counts to be used in pleading multiple claims that arise out of a single transaction.").  In this case, Plaintiff's claims arise from a single transaction – a claim for money under its insurance contact for losses caused by COVID-19, and FM's refusal to pay that money which Plaintiff alleges was a breach of contract.

Moreover it is possible for an action claiming to seek declaratory relief to be a breach of contract claim "masquerading" as a declaratory judgment action. *Reifer*, 751 F.3d at 137) ("It may, in some circumstances, be possible for a party's claim for legal relief to masquerade as a declaratory judgment, improperly activating discretionary jurisdiction."); *see also Greg Prosmushkin, P.C. v. Hanover Ins. Grp.*, 479 F. Supp. 3d 143, , at *3 (E.D. Pa. Aug. 14, 2020) ("a legal claim 'masquerading' as a declaratory claim would be one where Plaintiffs narrowly seek a declaration as to whether the April 1, 2020 denial by Defendant was proper."). Indeed, it has been recognized that courts cannot always accept a party's pleading at face value. *See e.g.*, *Mississippi ex rel. Hood v. AU Optronics Corp.*, 571 U.S. 161, 174 (2014) ("This Court has interpreted the diversity jurisdiction statute to require courts in certain context to look behind the pleadings to ensure that parties are not improperly creating or destroying jurisdiction. . . ."). Accordingly, this Court must look past the style of Plaintiff's pleading to see what is actually being alleged. Should it do so, it will realize that Plaintiff's Complaint seeks both declaratory and legal relief for breach of contract. *See Miranda v. Contreras*, 754 A.2d 277, 284 n.8 (D.C. Cir. 2000) ("Courts often look behind how a complaint is styled to the allegations made in order to determine the claim or claims asserted.").

Here, a close analysis of Plaintiff's complaint reveals that Plaintiff is also asserting a legal claim for breach of contract. In order to establish a breach of contract under Pennsylvania law, "the plaintiff must establish: (1) the existence of a contract; (2) a breach of a duty imposed by that contract; and (3) damages." *Riedi v. GEICO Cas. Co.*, No. 16-6139, 2017 WL 2957831, at *2 (E.D. Pa. July 11, 2017) (citing *Ware v. Rodale Press, Inc.*, 322 F.3d 218, 225 (3d Cir. 2003)). Plaintiff's complaint alleges all three elements. First, it alleges the existence of an insurance contract. Compl. ¶¶ 6, 37. Second, the Complaint alleges that FM's denial of payment constitutes

a breach of the contact and requests that Plaintiff's performance under the contract be excused as a result. *See id.* ¶¶ 146-152, 161. Lastly, the Complaint alleges damages, contending that Plaintiff has suffered "multiple millions of dollars in loss" as a result of COVID-19. *See id.* ¶¶ 5, 30, 87 – 104.

Clearly, Plaintiff wants money damages and is not simply seeking a declaration of its rights under an insurance contact. *See Schodle v. State Farm Mut. Auto. Ins. Co.*, No. 17-407, 2017 WL 1177133, at *2 (E.D. Pa. Mar. 30, 2017). Indeed, it is also seeking a monetary recovery for FM's past denial of benefits under its insurance policy for losses related to COVID-19. *See, e.g.*, Compl. ¶ 12 ("Factory Mutual has failed to honor its coverage obligations under the Policy. . ."). Thus, Plaintiff also wants legal relief, not just a declaration to guide FM's conduct in the future.[2] The alleged wrongful conduct has already happened and the losses have already been incurred, or to the extent they continue to accrue, they depend on the alleged breach by FM that Plaintiff concedes has already occurred. Thus, Plaintiff's claim is tied to a determination of whether FM's past conduct was proper. Simply put, Plaintiff is trying to adjudicate past conduct though its claim for declaratory judgment, and this Court should conclude that Plaintiff's complaint also contains a breach of contract claim and should retain jurisdiction as it is required to do.

Lastly, the *Colorado River* doctrine does not apply nor does it prohibit this Court from exercising jurisdiction, primarily because there is no parallel state proceeding. *See 4431, Inc.*,

---

[2] The crux of Plaintiff's claimed damages concern its inability to conduct business during the 2020-21 football season as the result of the Coronavirus pandemic. *See, e.g.*, Compl. ¶ 4. The City of Philadelphia recently advised that attendance at sporting events will no longer be restricted as of June 11, 2021, ameliorating the prospective financial impact of the pandemic. *See* Michael Tanenbaum, *Philly Aims to Life Remaining COVID-19 Restrictions on June 11, but First an Incremental Step Toward that Goal*, Philly Voice, https://www.phillyvoice.com/phillies-games-tailgaiting-citizens-bank-park-covid-19-capacity-limits-restrictions-sixers-union (last visited May 14, 2021).

2020 WL 7075318, at *5 ("because there is no parallel state court action here, it is doubtful whether *Colorado River* is even applicable."); *Wilson*, 2020 WL 5820800, at *5; *Schodle*, 2017 WL 1177133, at *3. While Plaintiff talks about other cases pending in state court dealing with similar contract issues, *see* Pl.'s Mem. Supp. Mot. to Remand, at 8-9, Plaintiff cannot truly claim that there is another pending parallel proceeding in state court because there are no cases involving the same parties and nearly identical claims, raising substantially identical allegations and issues.[3] *Yang v. Tsui*, 416 F.3d 199, 204 n.5 (3d Cir. 2005). Moreover, even if the doctrine did apply, which it does not, Plaintiff's claim that it has a unique insurance contract does not rise to the level of exceptional circumstances warranting abstention. See *Rarick v. Federated Serv. Ins. Co.*, No. 2:13-cv-03286, Order ECF No. 58, n.1 (E.D. Pa. Feb. 2, 2018) (rejecting a similar argument). Thus, the *Colorado River* doctrine does not apply, nor does it prohibit this Court from retaining jurisdiction.

> **B.** **Even if Plaintiff's Complaint Seeks Only Declaratory Relief, This Court Should Still Retain Jurisdiction.**

Even if Plaintiff's Complaint seeks only declaratory relief, which it does not, this Court should still exercise jurisdiction. The Court's discretion in such matters are not unbounded and its discretion must be exercised reasonably. *Kelly v. Maxum Specialty Ins. Grp.,* 868 F.3d 274, 282 (3d Cir. 2017); *Reifer*, 751 F.3d at 140.

Here, the *Reifer* factors weigh in favor of this Court retaining jurisdiction. Under *Reifer*, the court applies a two-part test. First, the court must "determine whether there is a 'parallel state proceeding.'" *Kelly*, 868 F.3d at 282 (citing *Reifer*, 751 F.3d at 143, 146). As recognized by the Third Circuit, "[this] is a significant factor that is treated with 'increased emphasis.'" *Id.* at 282

---

[3] In fact, Plaintiff has essentially admitted that there are no similar state court cases as it argues that its insurance policy is unique. *See* Pl.'s Mem. Supp. Mot. to Remand, at 11-12.

(quoting *Reifer*, 751 F.3d at 144). While not dispositive, "the absence of pending parallel state proceedings militates significantly in favor of exercising jurisdiction . . . ." *Reifer*, 751 F.3d at 144; *Kelly*, 868 F.3d at 282. Indeed, the lack of parallel proceedings creates a "rebuttable presumption in favor of jurisdiction." *Rarick*, 852 F.3d at 226. This presumption is overcome only when other factors outweigh the presumption. This is the second part of the test. The court must determine whether the lack of parallel proceedings is "outweighed by opposing factors," which include:

    (1)    the likelihood that a federal court declaration will resolve the uncertainty of obligation which gave rise to the controversy;

    (2)    the convenience of the parties;

    (3)    the public interest in settlement of the uncertainty of obligation;

    (4)    the availability and relative convenience of other remedies;

    (5)    a general policy of restraint when the same issues are pending in a state court;

    (6)    avoidance of duplicative litigation;

    (7)    prevention of the use of the declaratory action as a method of procedural fencing or as a means to provide another forum in a race for *res judicata*; and

    (8)    (in the insurance context), an inherent conflict of interest between an insurer's duty to defend in a state court and its attempt to characterize that suit in federal court as falling within the scope of a policy exclusion.

*Kelly*, 868 F.3d at 282-83 (quoting *Reifer*, 751 F.3d at 145-46).

A close analysis of these factors demonstrates that they weigh in favor of this Court exercising jurisdiction over this matter.

**1.    A declaration would resolve the uncertainty of obligations which gave rise to this action.**

While Plaintiff is truly seeking both declaratory and legal relief, a declaration from this Court would resolve any uncertainty of obligation under the insurance contract. *See Kelly*, 868

F.3d at 288 ("Declaratory relief by the District Court would unquestionably clarify and settle the dispute regarding Maxum's obligations under the insurance policy."). Indeed, the purpose of seeking a declaration is to resolve such a dispute. *See, e.g.*, *Allstate Vehicle & Prop. Ins. Co. v. Harris*, 2020 WL 4201598, at \*4 (E.D. Pa, July 22, 2020) ("the Declaratory Judgment Act allows this court to 'declare the rights and other legal relations of [Allstate]' as an 'interested party seeking such [a] declaration.' . . . Thus, a declaration by this Court will resolve the uncertainty of Allstate's obligations to Harris under the Policy. This certainty of resolution weights in favor of the exercise of jurisdiction."). Along these lines, district courts have consistently concluded that the first factor favors exercising jurisdiction in the insurance context. *See, e.g.*, *Landmark Am. Ins. Co. v. Madnracchia*, 2019 WL 3934913, at \*3 (E.D. Pa. Aug. 19, 2019); *Colony Ins. Co. v. Troensa Constr., Inc.*, 2018 WL 4676038, at \*8 (D.N.J. Sept. 28, 2018); *Nationwide Prop. & Cas. Ins. Co. v. Zatyko*, 2016 WL 6804436, at \*3 (E.D. Pa. Nov. 16, 2016).

The fact that this Court may need to predict state law is of no moment, as federal courts are called upon routinely to predict state law. *Ryan v. Johnson*, 115 F.3d 193, 200 (3d Cir. 1997); *see also Meredith v. City of Winter Haven*, 320 U.S. 228, 234 (1943) ("the difficulties of ascertaining what the state court may hereafter determine the state law to be do not in themselves afford a sufficient ground for a federal court to decline to exercise its jurisdiction to decide a case which is properly brought to it for decision."). The question is whether the court's judgment would "effectively settle the dispute and clarify the legal relations at issue," or result in "piecemeal litigation" warranting abstention. 10B Charles Alan Wright & Arthur Miller, *Federal Practice and Procedure* § 2759 (4th ed.). Here, there is no risk of piecemeal litigation. Thus, the first *Reifer* factor supports this Court retaining jurisdiction.

2.      **The Eastern District of Pennsylvania is a convenient venue.**

This Court sits in the same city as the court in which Plaintiff originally filed suit, so none of the parties would be inconvenienced by having this matter adjudicated in this federal forum. *See Kelly*, 868 F.3d at 288.  Thus, this factor supports this Court exercising jurisdiction.

3.      **The public interest is not at stake in this private insurance coverage dispute.**

This Court should consider whether "there is an unsettled question of state law or important policy dispute issue implicated by the coverage claims.  Absent this, there is little reasons for [this Court] to be reluctant about deciding this case." *Kelly*, 868 F.3d at 288 n.13.  Here, the insurance contract dispute has no other "public interest . . . at stake other than the usual interest in the fair adjudication of legal disputes, an interest which the District Court is well-equipped to address." *Kelly*, 868 F.3d at 288.  Just because the coronavirus pandemic is novel does not mean that the applicable state law is novel or unsettled.   Moreover, the Third Circuit has observed in the insurance contract context that "[f]ederal and state courts are equally capable of applying settled state law to a difficult set of facts." *Id.* at 288 n.13 (quoting *Reifer*, 751 F.3d at 147).

Indeed, Federal district courts in Pennsylvania have already held that the presence of COVID-19 — whether present at a specific insured property or supposedly "ubiquitous" in a general area — is not physical loss or damage.  *See, e.g.*, *Hair Studio 1208, LLC v. Hartford Underwriters Ins. Co.*, No. 2:20-cv-02171-MSG, slip op. at 14-18 (E.D. Pa. May 14, 2021); *1 S.A.N.T., Inc. v. Berkshire Hathaway, Inc.*, No. 2:20-CV-862, 2021 WL 147139, at *6–7 (W.D. Pa. Jan. 15, 2021); *Indep. Rest. Grp. v. Certain Underwriters at Lloyd's, London*, 2021 WL 131339, at *7 (E.D. Pa. Jan. 14, 2021).  Likewise, these courts have held that government orders closing or restricting properties because of COVID-19 are not the result of physical loss or damage. *See, e.g.*, *Moody v. Hartford Fin. Grp., Inc.*, 2021 WL 135897, at *6 (E.D. Pa. Jan. 14, 2021);

*Brian Handel*, 2020 WL 6545893, at *4. These courts have done so based on established Third Circuit law.

In fact, this Court and others in this District have already adjudicated cases similar to this one and found that claims were not covered by property insurance policies. *See, e.g.*, *Kessler Dental Assocs., P.C. v. Dentists Ins. Co.*, 2020 WL 7181057 (E.D. Pa. Dec. 7, 2020); *4431, Inc.*, 2020 WL 7075318; *Toppers Salon & Health Spa v. Travelers Prop. Cas. Ins. Co. of Am.,* No. 2:20-cv-03342-JDW, 2020 WL 7024287 (E.D. Pa. Nov. 30, 2020); *Brian Handel*, 2020 WL 6545893; *Wilson*, 2020 WL 5820800. In fact, there are approximately 130 such cases pending in federal court in Pennsylvania alone, and at least 30 Pennsylvania federal courts have already ruled on COVID-19 coverage claims and found that they are not covered.[4] Thus, Plaintiff's assertion that this Court cannot decide this matter because there are novel issues of state law that must be decided by the Pennsylvania courts flies in the face of reality.

Moreover, this case does not implicate a statute, regulation, or some other important state policy where abstention may be appropriate. *See, e.g.*, *Lac D'Amiante du Quebec, Ltee v. Am. Hlme Assur. Co.*, 864 F.2d 1033, 1046-48 (3d Cir. 1988) ("abstention was so clearly warranted on the facts of this case that we must reverse the district court's decision not to abstain. New York's interest in its regulatory scheme is strong. . . . New York law requires that claims against insolvent insurers be processed in the liquidation proceedings. And the cogent reasons why New York has adopted such a regulatory policy—equitable adjustment of claims, reduction of administrative costs, proper management of the insolvent insurer's liabilities—attest to the disruptive effect of the district court's refusal to abstain."); *Osenbach v. Allstate Fire & Cas. Ins. Co.*, 135 F. Supp. 3d

---

[4] *See* University of Pennsylvania Carey Law School Covid Coverage Litigation Tracker, *available at* https://cclt.law.upenn.edu/cclt-case-list/.

315, 321 (E.D. Pa. 2015) ("this Court will not simply have to interpret an insurance contract to determine coverage, but must decide whether that contract and the rejection of underinsured motorist coverage are void under a state statute."); *see also Lloyd v. Travelers Prop. Cas. Ins. Co.*, 699 F. Supp. 2d 812, 816-17 (E.D. Va. Mar. 19, 2010) ("the insurance cases in which courts have abstained involved questions of receivership, insolvency, and the structure and form of insurance companies and other heavily regulated matters that implicated complex and comprehensive regulatory schemes. . . . In sharp contrast to these cases, this matter presents a relatively straightforward dispute over the proper interpretation of the terms of an insurance policy agreement. The proper interpretation of the policy is guided by clear and controlling authority . . . and federal courts resolve disputes of this sort on a regular basis.").

*Reifer* is instructive. There, the Third Circuit reasoned that abstention was appropriate because the insured made "a non-frivolous argument for possibly carving an exception to governing Pennsylvania law in the context of legal malpractice insurance contracts" that implicated "the policies underlying Pennsylvania's rules governing attorney conduct, which are promulgated by the Pennsylvania Supreme Court." *Id.* at 149. The Court concluded that the issue was best left to the state court because it directly raised a matter peculiarly within the purview of the Pennsylvania Supreme Court. *Id.*

This case does not raise the same concerns. There is nothing novel or unsettled about the applicable state law governing the interpretation of insurance contracts. *See Ogrizovich v. CUNA Mut. Grp.*, 2015 WL 12778403, at *5 (W.D. Pa. Feb. 13, 2015) ("Pennsylvania's rules of insurance contract interpretation are well established."); *State Farm Fire & Cas. Ins. Co. v. Jones*, 2015 WL 3645260, at *2 (W.D. Pa. June 10, 2015) ("state law on the issue of construction of the insurance policy language is well settled."). While the coronavirus pandemic has created a new set of facts

and a host of cases, courts have (and will) need to apply well-settled contract law to resolve the disputes. *See, e.g.*, *Kessler*, 2020 WL 7181057, at *5 ("The Covid-19 pandemic might be unprecedented, particularly in its impact on businesses large and small. But it is not a writ for the Court to rewrite the Policy to which Kessler Dental and Dentists Insurance agreed. That Policy does not provide coverage for the losses that Kessler Dental has suffered."); *4431, Inc.*, 2020 WL 7075318, at *8 ("A dispute over coverage arising under an insurance policy 'is fundamentally an issue of contract interpretation'"); *Wilson*, 2020 WL 5820800, at *6 ("the issue in this case is fundamentally an issue of contract interpretation"); *N&S Rest. LLC v. Cumberland Mut. Fire. Ins. Co.*, 2020 WL 6501722, at *5 (D.N.J. Nov. 5, 2020) ("While there is no doubt that the COVID-19 pandemic severely affected Plaintiff's restaurant, Defendant cannot be liable to provide coverage when the Virus Exclusion plainly bars Plaintiff's claim. Given the plain language of the insurance contract between the parties, the Court cannot deviate from this finding without in effect re-writing the Policy."). Accordingly, this case does not involve questions of unsettled law.

Plaintiff's arguments that the particular wording and coverages of the FM Policy render this case unsuitable for the Court to retain jurisdiction are unconvincing. After the *Rarick* court adopted the independent claim test, it sent the matter back to the district court to determine whether that matter presented the type of "exceptional circumstances" described in *Colorado River*. The district court retained jurisdiction over the matter stating, in part:

> This Court cannot accept Plaintiff's argument that, because Pennsylvania courts have not addressed the specific forms that Federated used, this case presents issues of first impression. Were this the case, then any dispute involving non-standard forms would justify abstention; however, '[a]bstention from the exercise of federal jurisdiction is the exception, not the rule.' *Colorado River*, 424 U.S. at 813. Furthermore, Pennsylvania courts and federal courts applying Pennsylvania law have provided sufficient guidance to allow this Court to resolve the issues that Plaintiff highlights.

*Rarick v. Federated Serv. Ins. Co.*, No. 2:13-cv-03286, Order ECF No. 58, n.1 (E.D. Pa. Feb. 2, 2018).

Plaintiff presents three reasons why this case involves unsettled questions of state law: (1) there is an unsettled question whether the Policy covers the *threat* of physical loss or damage as opposed to other policies which just cover "direct physical loss"; (2) there is an unsettled question whether the Policy's Interruption by Communicable Disease provisions covers both "costs" and "losses"; and (3) there is an unsettled question whether Policy's contamination exclusion bars coverage for losses related to COVID-19.  *See* Pl.'s Mem. Supp. Mot. Remand, at 11-12. Each of these claims lack merit and will be addressed in turn.

First, as explained in FM's motion to dismiss, Plaintiff attempts to contort the well accepted meaning of "risk" by arguing that coverage applies both to loss or damage from the risk, and also from the risk itself (i.e., the threat), absent any loss or damage. This would require the Court to construe the Policy to insure "all risks of physical loss or damage" as well as "all risk of risks of physical damage." This is not what the Policy says. *See* Compl. ¶ 10, Ex. B [hereinafter, "Policy"] at 1. Plaintiff's Policy insures all risks of physical loss or damage to covered property unless otherwise excluded. Recovery under an all risk policy extends to any fortuitous loss that is not specifically excluded under the terms of the policy. *Intermetal Mexicana v. Ins. Co. of N. Am.*, 866 F.2d 71, 74 (3d Cir. 1989). As described by the Third Circuit, an "all-risk" policy "is to be considered as creating a special type of coverage extending to risks not usually covered other insurance, and recovery under an 'all-risk' policy will, as a rule, be allowed for all fortuitous losses not resulting from misconduct or fraud, unless the policy contains a specific provision expressly excluding the loss from coverage." *Id.* at 75 (citing 13A Couch Cyclopedia of Insurance Law § 48:141, at 139 (1982)). In this context, it has long been understood that the perils insured against

are "risks." *Mellon v. Fed. Ins. Co.*, 14 F.2d 997, 1002 (S.D.N.Y. 1926); *see also* John P. Gorman, *All Risks of Loss v. All Loss: An examination of Broad Form Insurance Coverages*, 34 Notre Dame L. Rev. 346 (1959).

Additionally, similar arguments have already been rejected by Pennsylvania courts as well as this Court. *See Cleland Simpson Co. v. Firemen's Ins. Co. of Newark, N.J.*, 140 A.2d 41, 44 (Pa. 1958) (policy that insured the risk of fire did not insure the "apprehension of either the possibility or probability of a fire which never occurred."); *Brian Handel DM.D., P.C. v. Allstate Ins. Co.*, 2020 WL 6545893, at *3 (E.D. Pa. Nov. 6, 2020) (rejecting the argument that the anxiety about public health and the safety of indoor spaces "is the functional equivalent of damage of a material nature or an alteration in physical composition.") Thus, Plaintiff's argument that the Policy's grant of coverage for "all risks of physical loss or damage" somehow creates a unique issue that must be decided by a Pennsylvania court is false.[5]

Second, Plaintiff claims that the Policy's coverages for "Communicable Disease Response" and "Interruption by Communicable Disease" should be read more broadly to provide coverage for "lost revenues and profits because of an inability to use, or restrictions on the use of, its property." Pl.'s Mem. Supp. Mot. Remand, at 11; Compl. ¶ 134. Once again, Plaintiff attempts to create a "novel" legal issue out of a straightforward policy construction question that federal courts routinely resolve. The Policy covers all risks of direct physical loss or damage but excludes, among other things, losses due to "Contamination, and any cost due to contamination including inability to use or occupy property or any cost of making property safe or suitable for use or

---

[5] In Plaintiff's Memorandum, it cites to Pennsylvania Supreme Court precedent in support of its argument in this regard, *see* Pl.'s Mem. Supp. Mot. Remand, at 11, as well as in support of its argument that the Policy's contamination exclusion should not apply. *Id.* at 11. This further supports the conclusion that the construction of FM's Policy does not present any novel issues of state law unsuitable for this Court.

occupancy." Policy at 13. The Communicable Disease provisions cited by Plaintiff are exceptions to the Contamination Exclusion, essentially giving back coverage to Plaintiff for a specific and limited purpose – to cover the costs related to clean-up, public relations and/or extra expenses actually incurred. *See Id.* at 21 and 51. These provisions in no way create coverage for all of Plaintiff's COVID-19 related losses and to assert otherwise is absurd. Regardless, the underlying issue does not justify abstention as it does not reflect an unsettled question of state law, but simply a question of contract interpretation.

Lastly, there is no mystery about whether the Policy's Contamination Exclusion (which specifically excludes costs related to viruses) applies to COVID-19; it does. District courts in Pennsylvania have uniformly denied coverage for COVID-19 losses where the insurance policy at issue contains a virus exclusion. *See, e.g., Kessler*, 2020 WL 7181057, at *3; *Moody*, 2021 WL 135897, at *8-9. To the extent that Plaintiff argues that there is an open question about whether a contamination exclusion can bar losses caused by a pandemic, courts have already held that the exclusion applies to COVID-19 losses. *See Indep. Rest. Grp. v. Certain Underwriters at Lloyd's, London*, 2021 WL 131339, at *7 (E.D. Pa. Jan. 14, 2021); *see also Ralph Lauren Corp. v. Factory Mut. Ins. Co.*, 2:20-cv-10167-SDW-LDW (D.N.J May 12, 2021) (finding that the same Contamination Exclusion "unambiguously excludes coverage for 'any condition of property due to the actual or suspected presence of any . . . virus', which would encompass the Virus that causes

COVID-19.").[6]   Thus, Plaintiff's claims that this case involves unsettled questions of state law lack merit and this *Reifer* factor supports this Court retaining jurisdiction.

### 4.   There are no other available remedies that are more convenient.

As stated above, "state and federal courts are equally able to grant effective relief in these circumstances."   *Kelly*, 868 F.3d at 289.  The current action is the only suit pending between the parties, and it would be just as convenient to have the matter decided by this Court as it would by the Philadelphia Court of Common Pleas.  Thus, this factor does not outweigh the presumption in favor of exercising jurisdiction.

### 5.   There is no need to exercise "restraint" because there is no pending state court action.

Restraint in exercising jurisdiction is required only when the same parties and issues are pending in a state court, meaning that there must be a parallel state proceeding for this factor to possibly outweigh the presumption that federal jurisdiction is appropriate.  *Kelly*, 868 F.3d at 289. Courts in this Circuit have uniformly reached the same conclusion.  *See, e.g.*, *Main St. Am. Assur. Co. v. Connolly Contractors, Inc.*, 2020 WL 6712228, at *1 (E.D. Pa. Nov. 16, 2020); *Harleysville Worcester Ins. Co. v. Pediatric Assocs. Of Westmoreland, Ltd.*, 2020 WL 5544413, at *2 (W.D. Pa. Sept. 16, 2020); *Sullo v. Nationwide Prop. & Cas. Ins. Co.*, 2019 WL 3337059 (M.D. Pa. July 24, 2019).  Thus, this factor does not apply or weigh against this Court retaining jurisdiction.

---

[6] Plaintiff throws everything but the kitchen sink at this issue by essentially asserting all of its claims raise novel issues, including its claim that "Factory Mutual's coverage analysis is contrary to Pennsylvania state law and public policy" and that FM's application of the Policy's Time Element provisions is somehow not appropriate, without really explaining why. These claims are unsupported and should be ignored.  To the extent a response is required, FM incorporates by reference the relevant portions of its motion to dismiss which explains how other courts have already addressed the issues raised by Plaintiff.

**6.      There is no threat of duplicative litigation.**

There is no parallel state court proceeding so there is no threat of duplicative litigation. *Compare Foremost Ins. Co. v. Nosam*, LLC, 2018 WL 417035, at *3 (E.D. Pa. Jan. 12, 2018) ("no need to avoid duplicative litigation") *with Marin v. Sec'y of Pennsylvania*, 2014 WL 4829077, at *2 (W.D. Pa. Sept. 29, 2014) ("proceeding with the instant matter will result in duplicative litigation"). Thus, this factor does not outweigh the presumption to retain jurisdiction.

**7.      There is no procedural fencing or race for res judicata.**

Since Plaintiff (the insured) initiated this lawsuit, this factor does not apply and does not weigh against this Court exercising jurisdiction. *See Kelly*, 868 F.3d at 289 ("there is no issue here of 'procedural fencing' or a 'race for res judicata'" as "[the insureds] initiated both the Tort Action and Declaratory Action and there has been no concern expressed that removal of the Declaratory Action was driven by an improper motive").

**8.      There is no conflict of interest.**

Finally, this factor does not apply nor outweigh the presumption that this Court should exercise jurisdiction as this case does not involve third-party liability insurance or a duty to defend a suit filed by the insureds. Rather, Plaintiff seeks money under their first-party insurance contract for losses it allegedly incurred due to COVID-19.

In sum, none of the *Reifer* factors outweigh the presumption that this Court should retain jurisdiction and in fact favor the case remaining where it is. Abstention is not warranted, and Plaintiff's motion to remand should be denied.

## VI.   CONCLUSION

For these reasons, Plaintiff's motion to remand this case to state court should be denied and this Court should proceed to consider FM's motion to dismiss Plaintiff's Complaint with prejudice.

Respectfully Submitted,

BUTLER WEIHMULLER KATZ CRAIG LLP

s/Richard D. Gable, Jr.
Richard D. Gable, Jr., Esq. (Pa. ID No. 65842)
Adam B. Masef, Esq. (PA ID No. 313468)
Jenaleigh Castano, Esq. (PA ID No. 327712)
1818 Market Street, Suite 2470
Philadelphia, PA 19103
rgable@butler.legal
amasef@butler.legal
jcastano@butler.legal
*Attorneys for Defendant, Factory Mutual Insurance Company*

Dated: May 21, 2021

20

## CERTIFICATE  OF SERVICE

I,  Richard  D. Gable,  Jr.,  hereby  certify  that  a  true  and  correct  copy  of  the  foregoing Memorandum  of Law in  Opposition  to Plaintiff's  Motion to Remand,  electronically  filed  this 21ˢᵗ day  of  May,  2021,  will  be  served  on  the  following  counsel  of  record  via  the  Court's  Electronic Filing  System:

Charles  A. Fitzpatrick  IV, Esq.
James  T. Giles,  Esq.
BLANK  ROME  LLP
One  Logan  Square
130 North 18ᵗʰ Street
Philadelphia,  Pennsylvania  19103

James  R. Murray,  Esq.
BLANK  ROME  LLP
1825 Eye  Street,  N.W.
Washington,  D.C. 20006

Linda  Kornfeld
BLANK  ROME  LLP
2029 Century  Park East, 6ᵗʰ Floor
Loss Angeles,  CA  90067

*Attorneys for Plaintiff*

/s/ Richard  D. Gable,  Jr.
RICHARD  D. GABLE,  JR., ESQ.
*Attorney for Defendant, Factory Mutual Insurance
Company*

21