**IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| PHILADELPHIA EAGLES LIMITED PARTNERSHIP,<br><br>Plaintiff,<br><br>v.<br><br>FACTORY MUTUAL INSURANCE COMPANY,<br><br>Defendant. | : | Case No. 2:21-cv-01776-MMB |

**DEFENDANT FACTORY MUTUAL INSURANCE COMPANY'S SUPPLEMENTAL MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION TO REMAND**

Richard D. Gable, Jr. (Pa. ID No. 65842)
Adam B. Masef (Pa. ID No. 313468)
**BUTLER WEIHMULLER KATZ CRAIG LLP**
1818 Market Street, Suite 2740
Philadelphia, PA 19103
Telephone: (215) 405-9191
Facsimile: (215) 405-9190
rgable@butler.legal
amasef@butler.legal

*Attorneys for Defendant, Factory Mutual Insurance Company*

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ........ ii

1. All decisions in this Circuit subsequent to *DiAnoia's Eatery* have rejected remand........ 1

2. None of the supposedly "novel" legal issues raised by Plaintiff support remand........ 2

3. The additional cases cited by Plaintiff in its Reply Brief are not applicable......... 5

CERTIFICATE OF SERVICE ........ 7

# TABLE OF AUTHORITIES

**Cases**

*1800 Farragut Inc. v. Utica First Ins. Co.*,
Civ. A. No. 20-3449-KSM, 2021 WL 4243435 (E.D. Pa. Sept. 16, 2021) ........................ 4

*401 Fourth Street. Inc. v. Investors Insurance Group*,
879 A.2d 166 (Pa. 2005) ........................................................................................ 4

*44 Hummelstown Assocs., LLC v. American Select Ins. Co.*,
No. 1:20-cv-02319, 2021 WL 2312778 (M.D. Pa. June 7, 2021) ..................................... 4

*ATCM Optical, Inc. v. Twin City Fire Ins. Co.*,
513 F.Supp.3d 513 (E.D. Pa. 2021) ........................................................................ 4

*BCB Bancorp. v. Progressive Cas. Ins. Co.*,
Civ. A. No. 13-1261, 2014 WL 2434193 (D.N.J. May 28, 2014) .................................... 2

*Boscov's Dep't Store, Inc. v. American Guar. and Liab. Ins. Co.*,
Civ. No. 5:20-cv-03672-JMG, 2021 WL 2681591 (E.D. Pa. 2021) .................................. 4

*Count Basie Theatre, Inc. v. Zurich American Insurance Company*,
No. 221CV00615BRMLDW, 2021 WL 3732903 (D.N.J. Aug. 24, 2021) .................... 1, 2

*DiAnoia's Eatery, LLC v. Motorists Mut. Ins. Co.*,
10 F.4th 192 (3d Cir. 2021) ........................................................................... 1, 2, 5

*Fuel Recharge Yourself, Inc. v. Amco Ins. Co.*,
Civ. A. No. 20-4477, 2021 WL 510170 (E.D. Pa. Feb. 11, 2021) .................................... 4

*Greenwood Racing Inc. v. Am. Guarantee & Liab. Ins. Co.*,
No. CV 21-01682, 2021 WL 4902343 (E.D. Pa. Oct. 20, 2021) ........................... 1, 2, 4, 5

*Lambert v. State Farm Mut. Auto. Ins. Co.*,
417 F. Supp. 3d 629 (E.D. Pa. 2019) ....................................................................... 5

*Mareik Inc. v. State Farm Fire and Cas. Co.*,
Civ. A. No. 20-2744, 2021 WL 1940647 (E.D. Pa. May 5, 2021) .................................... 4

*Moody v. Hartford Fin. Grp., Inc.*,
513 F.Supp.3d 496 (E.D. Pa. 2021) ........................................................................ 4

*Rarick v. Fed. Serv. Ins. Co.*,
852 F.3d 223 (3d Cir. 2017) ................................................................................... 1

*Reifer v. Westport Ins. Corp.*,
751 F.3d 129 (3d Cir. 2014) ........................................................................... 1, 2, 6

*Richard Purse, D.O. v. Darwin Select Ins. Co.*,
No. Civ. A. 13-1788, 2013 WL 3230808 (E.D. Pa. June 26, 2013) .................................. 5

*Ridley Park Fitness, LLC v. Phila. Ins. Cos.*,
No. 200501093, 2020 WL 8613467 (Pa. Ct. Com. Pl. Phila. Cty. Aug. 31, 2020) ............ 5

*Scottsdale Ins. Co. v. Broaddus*,
No. Civ. A. 08-3241, 2009 WL 349697 (E.D. Pa. Feb. 11, 2009) ................................ 5, 8

*Sherer v. Federated Mut. Ins. Co.*,
No. 19-3498, 2020 WL 2062277 (3d Cir. Jan. 13, 2020) .................................................. 5

*Sherer v. Federated Mut. Ins. Co.*,
No. CV 19-2530, 2019 WL 5423014 (E.D. Pa. Oct. 23, 2019) ......................................... 5

*State Auto Ins. Cos. v. Summy*,
235 F.3d 131 (3d Cir. 2000) ............................................................................................ 5

*Sunbeam Corp. v. Liberty Mut. Ins. Co.*,
781 A.2d 1189 (Pa. 2001) ................................................................................................ 3

*Tumi, Inc. v. Factory Mutual Insurance Company*,
No. CV2102752KMJBC, 2021 WL 4170051 (D.N.J. Sept. 14, 2021) .............................. 1

*Vale Vista Assocs., L.P. v. Cincinnati Cas. Co.*,
442 F. Supp. 3d 896 (W.D. Pa. 2020) .............................................................................. 3

*Zagafen Bala, LLC v. Twin City Fire Ins. Co.*,
513 F.Supp.3d 581 (E.D. Pa. 2021) ................................................................................. 4

At the close of the recent oral argument on Plaintiff's motion to remand, the Court invited supplemental briefing by both parties. Defendant Factory Mutual Insurance Company ("FMIC") submits the following points for the Court's consideration before ruling on Plaintiff's motion.

**1. All decisions in this Circuit subsequent to *DiAnoia's Eatery* have rejected remand.**

The Third Circuit made clear in *DiAnoia's Eatery, LLC v. Motorists Mut. Ins. Co.*, 10 F.4th 192 (3d Cir. 2021) (consolidated appeal of multiple cases) that the "'existence or non-existence of pending parallel state proceedings [to the declaratory judgment action],' while not dispositive, is a factor that 'militates significantly' in favor of either declining or exercising jurisdiction, respectively." *Id.* at 196 (citing *Reifer v. Westport Ins. Corp.*, 751 F.3d 129, 144-45 (3d Cir. 2014)). Indeed, the lack of parallel proceedings creates a "rebuttable presumption in favor of jurisdiction," and "district courts declining jurisdiction should be rigorous in ensuring themselves that the lack of pending parallel state proceedings is outweighed by opposing factors." *Rarick v. Fed. Serv. Ins. Co.*, 852 F.3d 223, 226 (3d Cir. 2017); *DiAnoia's Eatery*, 10 F.4th at 197 (citing Reifer, 751 F.3d at 144). This presumption can only be overcome when other factors outlined in *Reifer* outweigh the presumption.

Subsequent to the Third Circuit's ruling in *DiAnoia's Eatery*, every court in this Circuit to evaluate a motion to remand similar to Plaintiff's under the framework set forth in *Reifer* has denied it. *See Tumi, Inc. v. Factory Mutual Insurance Company*, No. CV2102752KMJBC, 2021 WL 4170051 (D.N.J. Sept. 14, 2021); *Greenwood Racing Inc. v. Am. Guarantee & Liab. Ins. Co.*, No. CV 21-01682, 2021 WL 4902343 (E.D. Pa. Oct. 20, 2021); *Count Basie Theatre, Inc. v. Zurich American Insurance Company*, No. 221CV00615BRMLDW, 2021 WL 3732903 (D.N.J. Aug. 24, 2021).

**2. None of the supposedly "novel" legal issues raised by Plaintiff support remand.**

Plaintiff argues that remand is warranted under the third *Reifer* factor because three of the issues it raises are supposedly "novel" under Pennsylvania law. *See* Plaintiff's Supplemental Memorandum in Support of Motion to Remand (ECF No. 30) [hereinafter Pl.'s Br.] 11-16. However, none of these issues are "uncertain and undetermined," and they can be easily addressed by this Court. *See DiAnoia's Eatery*, 10 F.4th at 207 ("Once again, '[f]ederal and state courts are equally capable of applying settled state law to a difficult set of facts.'") (quoting *Reifer*, 751. F.3d at 147). Thus, remand is not required.

Plaintiff contends that this Court cannot construe the Policy's contamination exclusion because a Pennsylvania state court has not yet interpreted a similar provision. *See* Pl.'s Br. 11-12. However, this argument was specifically rejected in *Count Basie Theatre Inc. v. Zurich Am. Ins. Co.*, Case No. 2:21-cv-00615 (BRM) (LDW), 2021 WL 3732903 (D.N.J. Aug. 24, 2021), where the court held that "[th]e mere fact that no state court has specifically ruled on the issue before this Court does not mean that the state law is so unsettled that this Court should abstain from deciding this case." *Id*. at *6 (quoting *BCB Bancorp. v. Progressive Cas. Ins. Co.*, Civ. A. No. 13-1261, 2014 WL 2434193, at *8, (D.N.J. May 28, 2014)).

Additionally, Plaintiff argues that its position is unique because it intends to invoke Pennsylvania's "reasonable expectations" doctrine to argue that Plaintiff, a $3.8 billion sports franchise, reasonably believed that the exclusion did not actually exclude "virus," even though the definition of "contamination" in the Policy includes the word "virus." Regardless of the absurdity this argument, this Court is fully capable of applying Pennsylvania's "reasonable expectations" doctrine. *See Greenwood Racing*, 2021 WL 4902343, at *5 ("Whatever the merits of Greenwood's reasonable expectations argument, they are not grounds for remanding the case.").

Plaintiff also argues that there is an open issue as to the scope of the "pollution" exclusion under Pennsylvania law, mandating remand. Plaintiff's Supplemental Reply Memorandum in Support of Motion to Remand (ECF No. 32) [hereinafter Pl.'s Reply] 11-12. However, the case Plaintiff cites for this proposition, *Vale Vista Assocs., L.P. v. Cincinnati Cas. Co*., 442 F. Supp. 3d 896, 902 (W.D. Pa. 2020*), appeal dismissed sub nom. Vale Vista Assocs. LP v. Cincinnati Cas. Co*, No. 20-1688, 2020 WL 5652812 (3d Cir. June 24, 2020), addressed a different pollution exclusion, under a completely different type of policy. The question posed in *Vale Vista* was whether the costs to clean up black powder fell within the pollution exclusion of a third party liability policy even if the harm was not caused by the toxic nature of the powder. The federal court predicted "that the Pennsylvania Supreme Court would not limit a pollution exclusion to the situation in which the harm is caused solely by the 'toxic' element of the pollutant." *Id.* at 902. This question is of no moment here, where the policy involved is a first party property policy and there is no dispute that COVID-19 is a virus.

Plaintiff further argues that remand is required so a state court can consider its argument that the contamination exclusion should be limited by the doctrine of regulatory estoppel. Pl.'s Br. 12-14. However, Plaintiff is unable to identify any unsettled issue of Pennsylvania law concerning the doctrine of regulatory estoppel, admitting that the Pennsylvania Supreme Court addressed the doctrine in *Sunbeam Corp. v. Liberty Mut. Ins. Co.*, 781 A.2d 1189, 1193 (Pa. 2001). Plaintiff only argues that the application of regulatory estoppel "in this context" has not been "definitively settled" under Pennsylvania law. Pl.'s Br. 13. If necessary, this Court is just as capable as a state court to apply *Sunbeam*. In fact, numerous courts within this District and elsewhere have analyzed (and rejected) regulatory estoppel challenges to otherwise clear and unambiguous policy provisions in the context of COVID-19. *See, e.g., 1800 Farragut Inc. v. Utica*

*First Ins. Co.*, Civil Action No. 20-3449-KSM, 2021 WL 4243435, at *5 (E.D. Pa. Sept. 16, 2021); *44 Hummelstown Assocs., LLC v. American Select Ins. Co.*, No. 1:20-cv-02319, 2021 WL 2312778, at *10 (M.D. Pa. June 7, 2021); *ATCM Optical, Inc. v. Twin City Fire Ins. Co.*, 513 F.Supp.3d 513, 521 (E.D. Pa. 2021); *Mareik Inc. v. State Farm Fire and Cas. Co.*, Civil Action No. 20-2744, 2021 WL 1940647, at *5 (E.D. Pa. May 5, 2021); *Fuel Recharge Yourself, Inc. v. Amco Ins. Co.*, Civil Action No. 20-4477, 2021 WL 510170, at *3 (E.D. Pa. Feb. 11, 2021); *Moody v. Hartford Fin. Grp., Inc.*, 513 F.Supp.3d 496, 505 (E.D. Pa. 2021); *Zagafen Bala, LLC v. Twin City Fire Ins. Co.*, 513 F.Supp.3d 581, 588 (E.D. Pa. 2021); *Boscov's Dep't Store, Inc. v. American Guar. and Liab. Ins. Co.*, Civil No. 5:20-cv-03672-JMG, 2021 WL 2681591, at *5 (E.D. Pa. 2021).

Lastly, Plaintiff argues that there is "no decision under Pennsylvania law . . . interpreting [the] 'risks of' policy language in the Coronavirus context." *See* Pl.'s Br. 14. This exact same argument was rejected in *Greenwood Racing*. Judge Pappert specifically found that the language "all risks" of loss or damage was not novel and did not eliminate the need to show that "direct physical loss . . . or damage" occurred. *Greenwood Racing*, 2021 WL 4902343, at *4, (citing cases). Judge Pappert also rejected Plaintiff's argument that the Pennsylvania Supreme Court's decision in *401 Fourth Street. Inc. v. Investors Insurance Group*, 879 A.2d 166, 168 (Pa. 2005) somehow leads to a different result. As outlined in FMIC's earlier submissions, the policy in that case insured "loss or damage caused by or resulting from risks of direct physical loss involving collapse of a building." *Id.* at 169. Because the policy included the phrase "risks of" and the modifier "involving," before "collapse," the Pennsylvania Supreme Court found that the coverage was broader than other polices that merely insured "collapse." *Id.* at 174. In this case, the Policy insures "risks of physical loss or damage." It does not insure "risks of direct physical loss involving

risks of physical loss or damage." Therefore, this Court, much like Judge Pappert in *Greenwood Racing*, should reject this argument as a plausible basis to remand.

**3. The additional cases cited by Plaintiff in its Reply Brief are not applicable.**

Plaintiff cites to four cases (*Scottsdale Ins. Co. v. Broaddus*, No. CIV.A. 08-3241, 2009 WL 349697 (E.D. Pa. Feb. 11, 2009); *Sherer v. Federated Mut. Ins. Co.*, No. CV 19-2530, 2019 WL 5423014 (E.D. Pa. Oct. 23, 2019), *appeal dismissed sub nom. Sherer v. Federated Mut. Ins. Co*., No. 19-3498, 2020 WL 2062277 (3d Cir. Jan. 13, 2020); *Lambert v. State Farm Mut. Auto. Ins. Co.*, 417 F. Supp. 3d 629, 632 (E.D. Pa. 2019); and *Richard Purse, D.O. v. Darwin Select Ins. Co.*, No. CIV.A. 13-1788, 2013 WL 3230808 (E.D. Pa. June 26, 2013)) in its most recent Reply Brief to support its argument that a state court must address the "unique issues" associated with FMIC's contamination exclusion. None of these cases is applicable here. First, all four cases addressed coverage under third party liability policies, not first party policies like FMIC's. In fact, two of the decisions specifically relied on *State Auto Ins. Cos. v. Summy*, 235 F.3d 131 (3d Cir. 2000), which this Court acknowledged at oral argument is not directly relevant to the instant situation.[1] Next, two of the cases (*Sherer and Lambert*) involved unsettled questions concerning the application of the Pennsylvania Motor Vehicle Financial Responsibility Law. No such statutory concerns are present here. Finally, none of these decisions were rendered with the guidance provided by *Dianoia's Eatery*, which made clear that a federal court was perfectly capable of applying settled Pennsylvania contract law in a COVID-19 case.[2]

---

[1] The *Broaddus* decision specifically referenced the existence of an ongoing state court action. 2009 WL 349697, at *9.

[2] The Court also inquired about recent decisions from Judge Glazer in the Philadelphia Court of Common Pleas. Although in two early rulings Judge Glazer dismissed insurers' Preliminary Objections, he subsequently issued rulings favorable to insurers in both cases. Compare *Ridley Park Fitness, LLC v. Phila. Ins. Cos.*, No. 200501093, 2020 WL 8613467 (Pa. Ct. Com. Pl. Phila. Cty. Aug. 31, 2020), with *Ridley Park Fitness, LLC v. Phila. Indem. Ins.* Co., No. 200501093, p. 1 n.1 (Pa. Ct. Com. Pl. Phila. Cty. Aug. 12, 2021).

For these reasons and those stated in FMIC's original opposition[3], Plaintiff's motion to remand should be denied.

Respectfully Submitted,

BUTLER WEIHMULLER KATZ CRAIG LLP

s/Richard D. Gable, Jr.

Richard D. Gable, Jr., Esq. (Pa. ID No. 65842)
Adam B. Masef, Esq. (PA ID No. 313468)
1818 Market Street, Suite 2470
Philadelphia, PA 19103
Telephone: (215) 405-9191
Facsimile: (215) 405-9190
rgable@butler.legal
amasef@butler.legal
*Attorneys for Defendant, Factory Mutual Insurance Company*

Dated: December 1, 2021

[3] In light of the Court's questions at argument about the relevancy of ongoing coverage litigation in state court involving different parties, we highlight our discussion of the fifth *Reifer* factor found at page 6 of our Supplemental Brief in Opposition to Plaintiff's Motion to Remand, wherein the Third Circuit questioned how such litigation "would ever militate against exercising jurisdiction."

**CERTIFICATE OF SERVICE**

I, Richard D. Gable, Jr., hereby certify that a true and correct copy of the foregoing Supplemental Memorandum of Law in Opposition to Plaintiff's Motion to Remand, electronically filed this 1st day of December, 2021, will be served on the following counsel of record via the Court's Electronic Filing System:

Charles A. Fitzpatrick IV, Esq.
James T. Giles, Esq.
BLANK ROME LLP
One Logan Square
130 North 18th Street
Philadelphia, Pennsylvania 19103

James R. Murray, Esq.
Helen K. Michael, Esq.
BLANK ROME LLP
1825 Eye Street, N.W.
Washington, D.C. 20006

Linda Kornfeld, Esq.
BLANK ROME LLP
2029 Century Park East, 6th Floor
Los Angeles, CA 90067

Lisa M. Campisi, Esq.
BLANK ROME LLP
1271 Avenue of the Americas
New York, New York 10020-1300

*Attorneys for Plaintiff*

/s/ Richard D. Gable, Jr.
RICHARD D. GABLE, JR., ESQ.
*Attorney for Defendant, Factory Mutual Insurance Company*