# EXHIBIT 13

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | | |
|---|---|---|
| FACTORY MUTUAL INSURANCE COMPANY (as Assignee of ALBANY MOLECULAR RESEARCH, INC. and OSO BIOPHARMACEUTICALS MANUFACTURING, LLC) | ) ) ) ) ) ) | |
| Plaintiff, | ) | CASE NO.: 1:17-cv-00760-GJF-LF |
| vs. | ) ) | |
| FEDERAL INSURANCE COMPANY and DOES 1-10, | ) ) ) | |
| Defendants. | ) | |

**PLAINTIFF FACTORY MUTUAL INSURANCE COMPANY'S
MOTION *IN LIMINE* NO. 5 RE PHYSICAL LOSS OR DAMAGE**

## I. INTRODUCTION

Plaintiff Factory Mutual Insurance Company ("FM Global") hereby moves this court for an order excluding any and all evidence, references to evidence, testimony and argument that the mold infestation, as well as the costs incurred to remediate and return the facility to its pre-loss condition, is not physical loss under the Federal Insurance Company policy. Plaintiff further moves the court to instruct defendant and defendant's counsel to advise all witnesses accordingly.

Evidence and argument that mold is not physical damage have no tendency to prove or disprove disputed facts relevant to the determination of this action and are contrary to the law in this regard. Accordingly, such assertions cannot lead to proper evidentiary inferences, i.e., a deduction of *fact* logically and reasonable drawn from another established *fact*. It will consume unnecessary

time and create an extreme danger of confusing and misleading the jury about what is physical loss or damage for purposes of establishing coverage under the Federal policy.

## II. ARGUMENT

### A. Legal Standard.

The Court has the inherent authority to control trial proceedings, including ruling on motions *in limine*. See, e.g., *Luce v. United States,* 469 U.S. 38, 40, n.2 and 4 (1984). In addition, a motion *in limine*:

> affords an opportunity to the court to rule on the admissibility of evidence in advance, and prevents encumbering the record with immaterial or prejudicial matter, as well as providing a means of ensuring that privileged material as to which discovery has been allowed by the court will not be used at trial if it is found to be inadmissible.

75 Am.Jur.2d, *Trial* § 94 (1991) (footnotes omitted).

Federal Rule of Evidence Rule 401 states that evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action. *Sprint/United Mgmt. Co. v. Medelsohn*, 552 U.S. 379, 388 (2008). Rule 402 specifically prohibits irrelevant evidence. The Advisory Committee has stated that "relevance is not an inherent characteristic of any item of evidence but exists only as a relation between an item of evidence and a matter properly provable in the case." *Fed. R. Evid*. 401. In addition, the Court may exclude otherwise relevant evidence "if its probative value is substantially outweighed by the danger of unfair prejudice." *Fed. R. Evid*. 403. Further, evidence may be excluded when there is a significant danger that the jury might base its decision on emotion, or when non-party events would distract reasonable jurors from the real issues in the case. *Tennison v. Circus Circus Enterprises, Inc*., 244 F.3d 684, 690 (9th Cir. 2001). With this in mind, "motion[s] in limine allow[] the parties to resolve evidentiary disputes before trial and avoid[] potentially prejudicial evidence being presented in front of the jury, thereby relieving the trial judge from the formidable

2

**PLAINTIFF'S MIL NO. 5**
**CASE NO. 1:17-CV-00760-GJF-LF**

task of neutralizing the taint of prejudicial evidence." *Brodit v. Cambra*, 350 F.3d 985, 1004-05 (9th Cir. 2003).

### B. The Mold Infestation Is Physical Loss or Damage Under the Federal Policy.

FM Global anticipates that Federal will argue and attempt to introduce evidence that the mold infestation is not "physical loss or damage" under its policy and thus, not covered. In addition, Federal has indicated it will assert that the costs to remediate and return the facility to its pre-loss condition are not "physical loss or damage." These arguments are contrary to the facts of this loss and the case law which broadly interprets the term "physical loss or damage" in property insurance policies.[1]

It is undisputed that the mold infestation destroyed the aseptic environment and rendered Room 152 unfit for its intended use – manufacturing injectable pharmaceutical products. Numerous courts have concluded that loss of functionality or reliability under similar circumstances constitutes physical loss or damage. *See, e.g., Western Fire Insurance Co. v. First Presbyterian Church*, 437 P.2d 52 (Colo. 1968) (church building sustained physical loss or damage when it was rendered uninhabitable and dangerous due to gasoline under the building); *Gregory Packaging, Inc. v. Travelers Property and Casualty Company of America*, Civ. No. 2:12-cv-04418 2014 U.S. Dist. LEXIS 165232, 2014 WL 6675934 (D. N.J. 2014) (unsafe levels of ammonia in the air inflicted "direct physical loss of or damage to" the juice packing facility "because the ammonia physically rendered the facility unusable for a period of time."); *Port Authority of N.Y. and N.J. v. Affiliated FM Ins. Co.*, 311 F.3d 226, 236 (3d Cir. 2002) (asbestos fibers); *Essex v. BloomSouth Flooring Corp.*, 562 F.3d 399, 406 (1st Cir. 2009) (unpleasant odor in home); *TRAVCO Ins. Co. v. Ward*, 715

---

[1] At best for Federal, 'physical loss or damage,' which is undefined, is susceptible of more than one reasonable interpretation and is therefore ambiguous and must be construed against Federal. See Memorandum and Order, docket 118, p. 9, citing *United Nuclear Corp. v. Allstate Ins. Co.*, 285 P.3d 644, 647 & 649 (N.M. 2012); *Battishill v. Farmers All. Ins. Co.*, 127 P.3d 1111, 1115 (N.M. 2006).

F.Supp.2d 699, 709 (E.D.Va. 2010), aff'd, 504 F. App'x. 251 (4th Cir. 2013) ("toxic gases" released by defective drywall).

Loss of functionality and/or reliability is especially significant where, as here, the property covered involves a product to be consumed by humans. Courts have concluded that the product is damaged where its "function and value have been seriously impaired, such that the product cannot be sold." *Pepsico, Inc. v. Winterthur International America Insurance Co.*, 806 N.Y.S.2d 709, 744 (App. Div. 2005), citing *General Mills, Inc. v. Gold Medal Insurance Co.*, 622 N.W.2d 147 (Minn. Ct.App. 2001); *Pillsbury Co. v. Underwriters at Lloyd's, London*, 705 F Supp 1396 (D. Minn. 1989); *National Union Fire Ins. Co. of Pittsburgh, Pa. v. Terra Indus.*, 216 F Supp 2d 899 (N.D. Iowa 2002), aff'd 346 F3d 1160 (8th Cir. 2003), cert denied 541 US 939 (2004); *Shade Foods, Inc. v. Innovative Prods. Sales & Mktg., Inc.*, 93 Cal Rptr. 2d 364 (Cal.App. 2000); *Zurich Am. Ins. Co. v. Cutrale Citrus Juices USA, Inc.*, 2002 WL 1433728, 2002 US Dist LEXIS 26829 (M.D. Fla. 2002). These courts' rationale regarding food products applies equally, if not more so, to the injectable pharmaceuticals OSO manufactured which were exposed to mold and no longer met industry safety standard. *See*, *General Mills v. Gold Medal Insurance*, 622 N.W.2d at 152 (food product which no longer met FDA safety standard sustained property damage.); *Motorists Mutual Ins. Co. v. Hardinger*, 131 F.Appx. 823 (3d Cir. 2005) (E coli in water well was physical loss or damage to insured's home.)[2]

The period of time as well as costs required to bring OSO's facility to the level of cleanliness following the mold infestation required by OSO's customers is also physical loss or damage covered by the Federal policy. The facility was damaged by stringent requirements of OSO's customers regarding production to the same extent it was damaged from the mold infestation itself as the facility was unusable as the result of a covered loss. See, e.g., *Western Fire v. First Presbyterian*,

---

[2] The Court appears to agree that the mold infestation at the OSO facility was "physical loss or damage" as that term is used in property insurance policies such as the one issued by Federal. See Memorandum and Order, docket 118, p. 9.

437 P.2d at 55 (insured was awarded costs to remediate infiltration and contamination when gasoline rendered church unusable); *Farmers Insurance Co. v. Trutanich,* 858 P.2d 1332, 1335 (Ore.App. 1993) (costs of rectifying methamphetamine odor covered as direct physical loss or damage.)

The case of *Marshall Produce Co. v. St. Paul Fire & Marine Ins. Co*., 256 Minn. 404, 98 N.W.2d 280 (1959 Minn.) is instructive. There, the insured manufactured food products for the army pursuant to a contract that required the manufacturing plant be smoke free. When smoke from a fire on a neighbor's property permeated the insured's plant for some period of time, the army refused to accept any of the products, rendering them worthless. The Minnesota Supreme Court rejected the insurer's argument that there was no physical loss or damage. According to the court, the food was damaged because of army regulations that set forth stringent requirements for the manufacturing environment. The court also noted that the impairment of value, not the physical damage, was the measure of damages. *Id.* 98 N.W. 2d at 293.

Here, Federal was familiar with OSO's manufacturing process and the contracts which required OSO to maintain an aseptic manufacturing standards at its facilities. Federal was also aware that a mold infestation could cause significant damage not only to the products exposed to the mold, but also because of the time and cost to clean the mold to the standards required by the manufacturing contracts. Without the customers' approval of the restored aseptic conditions following the mold infestation, OSO's facility remained unusable. Indeed, had OSO manufactured products without the customers' approval of the facility, the customers could have properly refused to accept the products and they would have been as worthless as the food products at issue in *Marshall Produce v. St. Paul*. See also, *General Mills, Inc. v. Gold Medal Insurance Co*., 622 N.W.2d 147 (Minn. Ct.App. 2001) (The function and value of food products was impaired where the

5

FDA prevented the insured from selling them.); *Pepsico, Inc. v. Winterthur International America Insurance Co.*, 806 N.Y.S.2d 709, 744 (App. Div. 2005) (Insured sustained property damage where its beverages had become "unmerchantable," i.e., the product's function and value were seriously impaired, such that the product could not be sold.)

Accordingly, evidence or argument that the mold infestation or the time and costs to remediate the infestation are not physical loss or damage does not create a reasonable inference as to the probability or lack of probability of a fact. *Fed. R. Evid.* 401; *A.I. Credit Corp v. Legion Insurance Co.*, 265 F.3d 630, 638 (7th Cir. 2001). There being no legal basis to require FM Global to prove demonstrable structural damage or alteration to property or products, evidence or argument in this regard does not involve or establish a controverted fact and should be barred from trial. Allowing Federal to argue or elicit testimony that the loss did not create structural damage or alteration to property or products, so is not covered is inconsistent the law, prejudicial to FM Global and will only confuse the jury. See *Fed. R. Evid.* 403.

### III. CONCLUSION

Based on the foregoing, FM Global respectfully requests that the Court grant this motion *in limine* to preclude questions, testimony or argument that the mold infestation and costs to remediate the infestation are not physical loss or damage under the Federal policy.

    Respectfully submitted,

    /s/*Maureen A. Sanders*
    MAUREEN A. SANDERS
    Email: mas@sanwestlaw.com
    SANDERS & WESTBROOK, PC
    102 Granite Ave. NW
    Albuquerque, NM 87102
    Tel.: (505) 243-2243

Joyce C. Wang (California Bar No. 121139)
Email:  jwang@ccplaw.com
Colin C. Munro (California Bar No. 195520)
Email:  cmunro@ccplaw.com
CARLSON CALLADINE & PETERSON LLP
353 Sacramento Street, 16th Floor
San Francisco, CA 94111
Tel:  (415) 391-3911
Fax:  (415) 391-3898

Attorneys for Plaintiff
FACTORY MUTUAL INSURANCE COMPANY (individually, and as Assignee of ALBANY MOLECULAR RESEARCH, INC. and OSO BIOPHARMACEUTICALS MANUFACTURING, LLC)

## CERTIFICATE OF SERVICE

This is to certify that on November 19, 2019, a true and correct copy of the foregoing was delivered to all counsel of record in accordance with the Federal Rules of Civil Procedure and the Local Rules of this Court.

/s/*Maureen A. Sanders*
Maureen A. Sanders
Email:  mas@sanwestlaw.com
SANDERS & WESTBROOK, PC