# EXHIBIT 26



Ms. Aileen Dagrosa
Senior Vice President
General Counsel
Philadelphia Eagles
Via Email: Adagrosa@Eagles.nfl.com

April 21, 2021

Reference:   Insured:        The Philadelphia Eagles Limited Partnership
             Location:       NovaCare Complex
                             1 NovaCare Way
                             Philadelphia, PA 19145
             Policy No:      1024422
             Date of Loss:   March 13, 2020
             Description:    Impact associated with COVID-19
             Claim ID:       505589

Dear Ms. Dagrosa:

This follows previous written communications and our request for information to continue our investigation.

Since the initial request for information (RFI) on 27-Jul-2020, there have been several follow up communications dated August 27, 2020, September 18, 2020, October 22, 2020, November 23, 2020, and December 22, 2020 for which no response was received or you had stated you were working to provide a response shortly. After I followed up on February 11, 2021, we received a response on February 16, 2021 to the initial request for information. In this letter you stated "FM is denying coverage for all but $1 million of the Eagles' total Covid-19-related losses. We do not agree that FM's coverage is so limited."  Your statement that Factory Mutual Insurance Company ("FM Global") is denying coverage is incorrect in two respects.  Previously we have advised how the policy coverage operates generally based on the limited information provided by the Eagles.  In addition, the Eagles have not complied with the policy Requirements in Case of Loss, by submitting a Proof of Loss and supporting documentation.  We have not denied a claim which has not been submitted as required by the policy.

As we advised in our letter of 27-Jul-2020, there is a potentially recoverable claim related to the additional policy coverages related to Communicable Diseases.  FM Global Policy No. 1024422 ("Policy") contains Additional Coverages for COMMUNICABLE DISEASE RESPONSE and INTERRUPTION BY COMMUNICABLE DISEASE, subject to all policy terms and conditions. COVID-19 meets the definition of a "communicable disease" under the Policy.  Other key conditions of the Communicable Disease coverage are the actual not suspected presence of a communicable disease at a location owned, leased or rented by the insured, access to which has been limited, restricted or prohibited for more than 48 hours by an order of an authorized governmental agency or a decision of an officer of the Insured.

The Policy's Property Damage section includes coverage for "OTHER ADDITIONAL COVERAGES" Page 21 states, in relevant part:

**F.   COMMUNICABLE DISEASE RESPONSE**

If a **location** owned, leased or rented by the Insured has the actual not suspected presence of **communicable disease** and access to such **location** is limited, restricted or prohibited by:

1) an order of an authorized governmental agency regulating the actual not suspected presence of **communicable disease**; or

2) a decision of an Officer of the Insured as a result of the actual not suspected presence of **communicable disease**,

this Policy covers the reasonable and necessary costs incurred by the Insured at such **location** with the actual not suspected presence of **communicable disease** for the:

1) cleanup, removal and disposal of the actual not suspected presence of **communicable disease** from insured property; and

2) actual costs or fees payable to public relations services or actual costs of using the Insured's employees for reputation management resulting from the actual not suspected presence of **communicable disease** on insured property.

This Additional Coverage will apply when access to such **location** is limited, restricted or prohibited in excess of 48 hours.

This Additional Coverage does not cover any costs incurred due to any law or ordinance with which the Insured was legally obligated to comply prior to the actual not suspected presence of **communicable disease**.

The Policy's Time Element section also includes coverage for "ADDITIONAL TIME ELEMENT COVERAGE EXTENSIONS" Page 51 states, in relevant part:

**E.   INTERRUPTION BY COMMUNICABLE DISEASE**

If a **location** owned, leased or rented by the Insured has the actual not suspected presence of **communicable disease** and access to such described **location** is limited, restricted or prohibited by:

1) an order of an authorized governmental agency regulating the actual not suspected presence of **communicable disease**; or

2) a decision of an Officer of the Insured as a result of the actual not suspected presence of **communicable disease**,

this Policy covers the Actual Loss Sustained and EXTRA EXPENSE incurred by the Insured during the PERIOD OF LIABILITY at such **location** with the actual not suspected presence of **communicable disease.**

> This Extension will apply when access to such **location** is limited, restricted, or prohibited in excess of 48 hours.

The Policy defines "communicable disease" on page 62 as follows:

> **communicable disease**:
> disease which is:
>
> A. transmissible from human to human by direct or indirect contact with an affected individual or the individual's discharges…

Following receipt of your February 16, 2021 letter, I suggested we schedule a conference call to discuss your responses to the initial request for information in order to proceed with investigating the claim under the Communicable Disease additional coverages. We met over Microsoft Teams on March 5, 2021 to discuss the information FM Global would need to proceed with the investigation related to communicable disease.

Following receipt of your letter on February 16, 2021, please specifically provide:

1. The earliest government order you relied on as requested in Item 12, "Has access to the location(s) been limited, restricted or prohibited by an order of an authorized governmental agency or an Officer of The Philadelphia Eagles Limited Partnership. Please provide a copy of all such order(s)."

2. The earliest test result after the date by which the government order limited, restricted or prohibited access to a location as requested in Item 7, "Please request and provide the employee's or other person's test results (with all personal identifying information redacted)." As an initial request, one test result for each location is requested.

3. Support when the individual was present at the location as requested in Item 9, "For each employee who tested positive, please provide support to establish when the employee was present at the location(s). This may include, but is not limited to, information such as payroll records and building entry data. Please redact identifying personal information of the employee(s) if required."

Please provide this information and any other information you believe may be relevant to the loss as soon as you are able. This list is not intended to be all inclusive and additional requests for information may be necessary to assist in our investigation of this claim. Test results of employees or others may be the easiest way to provide evidence of the actual presence of the communicable disease at a location, however we will consider any verifiable evidence that the communicable disease was present at a location in making a coverage determination.

In reference to other coverage provided by the Policy, we have provided our view as to how the Policy terms and conditions apply. As the Policy Requirements in Case of Loss have not been complied with by the Eagles, we have not denied any claim as what is being claimed has not been provided. No physical loss or damage has been identified by the Eagles. The Policy responds to all risks of physical loss or damage, except as excluded, and subject to the Policy's terms and conditions. Therefore, except as provided by Policy extensions that specifically extend coverage for non-physical damage, you must sustain actual physical loss or damage of the type insured to property of the type insured for the Policy's coverages to respond.

The Policy's Time Element Section, on page 33, states, in relevant part:

1. **LOSS INSURED**

    A. This Policy insures TIME ELEMENT loss, as provided in the TIME ELEMENT COVERAGES, directly resulting from physical loss or damage of the type insured:

    1) to property described elsewhere in this Policy and not otherwise excluded by this Policy or otherwise limited in the TIME ELEMENT COVERAGES below;

    2) used by the Insured, or for which the Insured has contracted use;

    3) while located as described in the INSURANCE PROVIDED provision or within 1,000 feet/300 metres thereof, or as described in the TEMPORARY REMOVAL OF PROPERTY provision; or

    4) while in transit as provided by this Policy, and

    5) during the Periods of Liability described in this section,

    provided such loss or damage is not at a **contingent time element location**.

Under the Policy, Time Element loss must directly result from physical loss or damage of the type insured. Because the location did not sustain any physical loss or damage, this threshold Policy requirement is absent. The presence of COVID-19, even if established, would not constitute "physical loss or damage," and it would be excluded as "contamination" as discussed further below.

This same analysis applies to the Policy's Supply Chain Time Element Coverage Extensions, such as the Civil or Military Authority provision, quoted below:

A. **CIVIL OR MILITARY AUTHORITY**

   This Policy covers the Actual Loss Sustained and EXTRA EXPENSE incurred by the Insured during the PERIOD OF LIABILITY if an order of civil or military authority limits, restricts or prohibits partial or total access to an insured **location** provided such order is the direct result of physical damage of the type insured at the insured **location** or within five statute miles/eight kilometres of it.

The presence of COVID-19 at an insured location or within five miles of it does not constitute "physical damage of the type insured" as required under this provision. Accordingly, the Policy's Civil or Military Authority provision (and other Policy provisions requiring physical loss or damage of the type insured) do not respond based on the information presented.

Responding to your reference to Policy provisions other than the Communicable Disease coverages, we note that the Policy excludes coverage for contamination. The presence of a virus, pathogen, or disease causing or illness causing agent such as COVID-19 is a form of contamination as defined in our Policy, which is excluded. The relevant provisions, in part, are set forth below:

   D. This Policy excludes the following unless directly resulting from other physical damage not excluded by this Policy:

> 1) **contamination**, and any cost due to **contamination** including the inability to use or occupy property or any cost of making property safe or suitable for use or occupancy. If **contamination** due only to the actual not suspected presence of **contaminant(s)** directly results from other physical damage not excluded by this Policy, then only physical damage caused by such **contamination** may be insured. This exclusion D1 does not apply to radioactive contamination which is excluded elsewhere in this Policy.

The Policy defines contamination under 13. DEFINITIONS within the GENERAL PROVISIONS of the Policy on Page 62:

> **contamination**:
> any condition of property due to the actual or suspected presence of any foreign substance, impurity, pollutant, hazardous material, poison, toxin, pathogen or pathogenic organism, bacteria, virus, disease causing or illness causing agent, fungus, mold or mildew.

Because COVID-19 is a virus, pathogen and/or disease causing or illness causing agent, it constitutes contamination which is excluded under the Policy. Based on the limited information provided by the Eagles, the only coverage potentially available, therefore, for any claim arising out of COVID-19 is provided by the Policy under **COMMUNICABLE DISEASE RESPONSE** or **INTERRUPTION BY COMMUNICABLE DISEASE**.

Additionally, the Policy further states on pages 9 & 10:

**3.   EXCLUSIONS**

> In addition to the exclusions elsewhere in this Policy, the following exclusions apply unless otherwise stated:
>
> * * *
>
> **A.**   This Policy excludes:
>
> * * *
>
> 3)   Loss of Market or loss of use.

To the extent that The Philadelphia Eagles Limited Partnership believes that their losses are the result of the inability to access and use their property because of the suspected or actual presence of COVID-19 and not from physical damage of the type insured, this too is specifically excluded

Finally, the Policy's Time Element Exclusions preclude time element loss for any reason other than physical loss or damage insured under the Policy. Page 43 of the Policy provides, in relevant part:

**4.   TIME ELEMENT EXCLUSIONS**

> In addition to the exclusions elsewhere in this Policy, the following exclusions apply to TIME ELEMENT loss:
>
> This Policy does not insure:

A.  Any loss during any idle period, including but not limited to when production, operation, service or delivery or receipt of goods would cease, or would not have taken place or would have been prevented due to:

1)  physical loss or damage not insured by this Policy on or off of the insured **location**.

2)  planned or rescheduled shutdown.

3)  strikes or other work stoppage.

4)  any other reason other than physical loss or damage insured under this Policy.

Because COVID-19 does not constitute "physical loss or damage insured under this Policy" as required under this provision, Time Element loss due to COVID-19 would also be considered an "idle period".

Once the Eagles have complied with the Requirements in Case of Loss and we have had an opportunity to complete our investigation and review of your policy information, we will confirm any applicable coverages, loss payables, and deductibles in effect.

Neither this letter nor our investigation is an admission or denial of liability and does not waive any right or duties of either party under the FM Global Policy.  Anything done or to be done by FM Global, or on its behalf, in connection with the above described matter, including but not limited to, any investigation into the cause or amount of loss or other matter relative thereto, shall not waive, invalidate, forfeit or modify any of its rights under the policies issued by it.

We would like to thank you for your cooperation in this matter.  In the interim, should you have any questions or comments, please feel free to contact us.


Sincerely,

Sarah Mealy

Branch Claims Manager
Philadelphia Branch Claims Office


Cc: Steve Friend - JKJ