# EXHIBIT 27

# Covered Causes Of Loss

## Background

The Causes of Loss - Special Form provides "open perils" coverage subject to the exclusions and limitations stated in the policy. The relevant text reads as follows:

> **A. Covered Causes Of Loss**
>
> When Special is shown in the Declarations, Covered Causes of Loss means Risks Of Direct Physical Loss unless the loss is:
>
> **1.** Excluded in Section **B.,** Exclusions; or
>
> **2.** Limited in Section **C.,** Limitations;
>
> that follow.

Prior to the 10 83 edition of Commercial Property Special forms, the term "all risks" was used to describe provisions which contain "open perils" type coverage. However, with the 10 83 edition of such forms, the word "all" was deleted. That revision was made to correct the misconception that the term "all risks" applied literally, without regard to the policy's exclusions.

In a 2005 court case, 401 Fourth Street, Inc. v. Investors Insurance Group, 583 Pa. 445, 879 A.2d 166 (2005), the Pennsylvania Supreme Court held, in part, that with respect to collapse coverage:

> We conclude that the policy language [risks of direct physical loss involving collapse of a building or any part of a building] provides coverage that extends beyond the situation in which an insured's building falls to the ground, even in light of the traditional interpretation of the term "collapse." It covers not only loss for a collapse, but also the *risk* of loss *involving* a collapse. To interpret this broad policy language to be limited to only the falling down of the building, even under existing case law, would be to give too narrow an interpretation to the broad language drafted by the insurer.

The exact policy language addressed by the court in this case does not appear in the current Commercial Property forms, and collapse provisions in particular were revised in the past to address abrupt collapse. However, in light of the reasoning expressed by the court, a revision to the analogous policy language contained in the ISO Commercial Property program appears appropriate to reinforce intent and related policy language.

## Explanation of Changes

We are deleting the term "risk of" from the provisions related to insured perils in the Commercial Property forms.

© Insurance Services Office, Inc., 2011

The following excerpt is from **CP 10 30,** Causes Of Loss - Special Form. The exact text for the other affected form appears in Section III of this filing, where each form is shown in its entirety.

A. **Covered Causes Of Loss**

When Special is shown in the Declarations, Covered Causes of Loss means ~~Risks Of D~~direct ~~P~~physical ~~L~~loss unless the loss is~~:~~ excluded or limited in this policy.

~~1. Excluded in Section B., Exclusions; or~~

~~2. Limited in Section C., Limitations;~~

~~that follow.~~

# Impact

There is no change in coverage.

# Revised Forms

- **CP 10 30** - Causes Of Loss – Special Form
- **CP 00 70** - Mortgageholders Errors And Omissions Coverage Form

© Insurance Services Office, Inc., 2011

## CPP-2006-002  "Risk Of" Loss

**STAFF NOTE**

> Prior to discussion, Staff mentioned that the text illustrated in the Agenda ties into the coverage grant in the Coverage Forms (e.g., CP 00 10), which expressly states coverage is provided for <u>direct physical loss of or damage to covered property</u> by a covered cause of loss. Thus, the criterion of direct physical loss is preserved.

**PANEL DISCUSSION**

> Several panel members expressed positive opinions on the general approach outlined by staff. One panel member suggested that the concept of fortuity be reinforced, perhaps by means of an exclusion focused on non-fortuitous losses. Another panel member observed that "risk" has particular connotations in insurance language, and that perhaps "risk" could be defined in the context of the expression "risk of loss".
>
> It is recognized that "risk of loss" is an expression used in various lines of property insurance. The issue needs to be examined for each affected line of business.

**STAFF ACTION**

> Staff will take the comments of panel members under consideration in finalizing a revision. This topic may be addressed again to the panel.

## CPP-2006-002  "Risk Of" Loss

### INTRODUCTION

This item examines use of the term "risk of" loss under the ISO Special Causes of Loss form.

### BACKGROUND

In <u>401 Fourth Street, Inc. v. Investors Insurance Group</u>, 583 Pa. 445, 879 A.2d 166 (2005), the insured filed a claim with respect to a parapet wall that was bowed and leaning inward. The insurer denied the claim based on the findings of an engineer indicating that the damage to the parapet wall was attributable to lack of normal maintenance to the framing structure of the wall. The insured filed a breach of contract suit and the trial court dismissed the complaint, reasoning that the parapet wall had not collapsed. According to the court, Pennsylvania case law had construed the term collapse to require the actual falling down of the structure. The Superior Court reversed the trial court decision, emphasizing the language "risk of direct physical loss involving collapse", and reasoning that use of the terms "risk" and "involving" broadened the policy's coverage to include something less than a structure that has completely fallen to the ground. The Pennsylvania Supreme Court affirmed the decision, stating that the phrase "risk of direct physical loss involving collapse of a building or any part of a building" contained in the insurer's policy is reasonably susceptible to different constructions and being understood in more than one sense, and is therefore ambiguous.

In the collapse coverage grant, current ISO property policies do not use the exact phrase "risk of direct physical loss involving collapse" addressed by the court in the 401 Fourth Street case. However, staff notes that the ISO Special Causes of Loss form, CP 10 30, does contain language that reads: "… Covered Causes of Loss means **risks of** direct physical loss unless the loss is…excluded…or limited" (emphasis added). While this is not the same provision as addressed by the court in the 401 Fourth Street case, staff is considering whether it may be appropriate to develop an alternative to the expression "risk of" as used in the Special Causes of Loss form.

### STAFF COMMENT

The principle of fortuity as a prerequisite to coverage is well-established. Various exclusions support that principle. The expression "risk of" may also support that principle, but it does not appear to be necessary for that purpose. Clearly, not all insurance forms employ that expression. Line staff is considering alternatives that do not employ that expression for the ISO Special Causes of Loss form.

### ILLUSTRATION

Following is one approach staff is considering as an alternative to the current language in the Special Causes of Loss form:

> With respect to insurance subject to this Causes Of Loss - Special Form, as shown in the Declarations, Covered Cause of Loss means a cause of loss that is not otherwise excluded or limited. Exclusions and Limitations are set forth in Sections B. and C. of this Form and in applicable endorsements, if any.

### STATISTICAL IMPACT

None

## CPP-2006-002  "Risk Of" Loss

**AUTOMATED SYSTEM IMPACT**
　　　Low (text change)

**REQUEST FOR ADVICE FROM PANEL MEMBERS**
　　　Panel members are asked to discuss the issue outlined in this agenda item, and to provide input on the alternative approach that staff is considering and any other aspects that staff should consider with respect to other types of potential cases or claims related to this issue.