IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |
|---|---|
| PHILADELPHIA EAGLES LIMITED PARTNERSHIP<br><br>　　　　　　　　Plaintiff,<br>　v.<br><br>FACTORY MUTUAL INSURANCE COMPANY<br><br>　　　　　　　　Defendant. | :<br>:<br>:<br>:  Case No. 2:21-cv-01776-MMB<br>:<br>:<br>:<br>:<br>:<br>:<br>: |

**JOINT STATUS REPORT**

Plaintiff Philadelphia Eagles Limited Partnership (the "Eagles") and Defendant Factory Mutual Insurance Company ("Factory Mutual," together with the Eagles, the "Parties") hereby submit the following Joint Status Report in accordance with the Court's February 6, 2023 Order (ECF No. 80). The Parties previously filed Joint Status Reports on April 6, 2023, June 5, 2023, and August 4, 2023, pursuant to the February 6 Order. *See* ECF Nos. 81, 83, 86.

Since the Parties' August 4th Joint Status Report, on August 16, 2023, the Pennsylvania Supreme Court entered an order setting the briefing schedule in *Ungarean v. CNA*, No. 12 WAP 2023 (Pa.) and *MacMiles, LLC v. Erie Insurance Exchange*, No. 10 WAP 2023 (Pa.) as follows: opening briefs were due (and were filed) October 2, 2023; oppositions are due November 17, 2023; and any replies are due December 8, 2023. *See* **Exhibit 1** at 8; **Exhibit 2** at 8. However, the Pennsylvania Supreme Court has not yet heard oral argument in *Ungarean* and *MacMiles*, nor has the U.S. Court of Appeals for the Third Circuit ruled on the petition seeking a rehearing *en banc* of the Third Circuit's decision in *Wilson v. USI Service LLC*, 57 F.4th 131 (3d Cir. 2023).

Factory Mutual continues to believe that resolution of the matters to be addressed in *Ungarean* and *MacMiles* are not necessary for a ruling on its pending Motion to Dismiss. *See*

*URBN US Retail LLC v. Zurich Am. Ins. Co.*, No. 21-4807, 2023 WL 4237077, at *5–6 (E.D. Pa. June 28, 2023) (Diamond, J.) (dismissing COVID-19 coverage complaint with prejudice in light of *Wilson*—"I am obligated to follow *Wilson*"—and "deny[ing] the [plaintiff's] alternative request [to] stay proceedings pending the Pennsylvania Supreme Court's resolution of *Ungarean* and *MacMiles*.") (citations omitted);[1] *see also Whitaker v. Herr Foods, Inc.*, 198 F. Supp. 3d 476, 489-90 (E.D. Pa. 2016) ("Surely, a district court does not have the power to review a prior decision by a Third Circuit panel when a subsequent panel has no such power. Accordingly, '[i]t is axiomatic that if another panel of the Court of Appeals for the Third Circuit is bound by a previous panel's construction of state law then district courts within the Third Circuit are also bound by that construction.'") (citation omitted). It is Factory Mutual's position that the stay should be lifted as the Eagles have not shown that proceeding with this case in the ordinary course would be inequitable or inefficient.

The Eagles continue to believe that the stay previously entered by this Court should remain in place. It is well-settled that "a court may hold one lawsuit in abeyance to abide the outcome of another which ***may substantially affect it*** or be dispositive of the issues." *Bechtel Corp. v. Local 215, Laborers' Union of N. Am., AFL-CIO*, 544 F.2d 1207, 1215 (3d Cir. 1976) (citing *Am. Life Ins. Co. v. Stewart*, 300 U.S. 203, 215 (1937) (emphasis added). And, here, a central issue in this case is also pending before the Pennsylvania Supreme Court in *Ungarean* and *MacMiles*—*i.e.*, whether the dangerous presence (or risks of) of COVID-19 can cause "direct physical loss of or damage to" insured property. The Eagles respectfully submit that, because the Pennsylvania Supreme Court will soon enter decisions that may provide important guidance regarding issues

---

[1] While the Third Circuit has stayed *URBN US Retail LLC*, it is Factory Mutual's position that the stay has nothing to do with the Pennsylvania Supreme Court granting allocatur in *Ungarean* and *MacMiles*. Specifically, it was the Third Circuit's April 6, 2021 order consolidating the fourteen appeals at issue in *Wilson* that operated to stay *URBN US Retail LLC*, not the Pennsylvania Supreme Court's decision.

that could impact the viability of the Eagles' claims, the Court should continue to hold this matter in abeyance until the *Ungarean* and *MacMiles* are resolved.

The Eagles also respectfully submit that it would be inequitably and inefficient to for this Court to lift the stay and move forward based on the Third Circuit's decision in *Wilson*.  It would be inequitable and inefficient to do so because the Third Circuit's unfinalized decision in *Wilson* merely predicts what the Pennsylvania Supreme Court would hold regarding relevant issues of Pennsylvania law.  It does not make practical sense to move forward based on the Third Circuit's predictions when the Pennsylvania Supreme Court will actually rule on those same issues in the near future.  Moreover, the Third Circuit has not yet ruled on a petition filed by the policyholders in that action in January 2023 that requests rehearing *en banc*, or, alternatively, certification of the issues to the Pennsylvania Supreme Court or a stay of proceedings until the Pennsylvania Supreme Court definitively resolves *Ungarean* and *MacMiles*.  *See* **Exhibit 3**.  In fact, the *Wilson* policyholders submitted a letter to the Third Circuit on July 19, 2023, urging the Court to, at a minimum, stay the appeal pending the Pennsylvania Supreme Court's resolution of *Ungarean* and *MacMiles*, consistent with the Eagles' present position.  *See* **Exhibit 4**.

To be sure, the Eagles are not asking this Court to ignore *Wilson*; they merely request that the stay previously entered by this Court remain in place until potentially relevant Pennsylvania law—and the Third Circuit's interpretation thereof—is more settled.  Once the Pennsylvania Supreme Court enters its rulings, thereby definitively resolving presently unclear issues of Pennsylvania state law, the stay should be lifted so that the parties can coherently present informed arguments to this Court based on the law as defined by the Pennsylvania Supreme Court.  The Eagles respectfully submit that this approach is logical, promotes fairness and judicial economy, and will not prejudice Factory Mutual in any way.  *See, e.g.*, *Lehman Bros. v. Schein*, 416 U.S.

386, 390–91 (1974) (a federal court "stay[ing] its hand" ultimately "save[s] time, energy, and resources); *Stokes v. RealPage, Inc.*, No. 15-1530, 2016 WL 9711699, at 1 n.1 (E.D. Pa. Jan. 25, 2016) ("[T]he interests of judicial economy would be furthered by a stay because, in the absence of a stay, the court and parties would dedicate substantial resources to proceedings that may become unnecessary, or may have to be duplicated[.]").

Dated: October 6, 2023

**BLANK ROME LLP**

By: /s/ *Charles A. Fitzpatrick IV*
CHARLES A. FITZPATRICK IV (PA Bar 309113)
JAMES T. GILES (PA Bar 4425)
One Logan Square
130 North 18th Street
Philadelphia, PA 19103
Telephone:  215.569.5608
Facsimile:  215.832.5608
charles.fitzpatrick@blankrome.com
james.giles@blankrome.com

LINDA KORNFELD (*pro hac vice*)
2029 Century Park East, 6th Floor
Los Angeles, CA 90067
Telephone:  424.239.3400
Facsimile:  424.239.3434
linda.kornfeld@blankrome.com

JAMES R. MURRAY (*pro hac vice*)
HELEN K. MICHAEL (*pro hac vice*)
1825 Eye Street, N.W.
Washington, D.C. 20006
Telephone:  202.420.2200
Facsimile:  202.420.2201
jim.murray@blankrome.com
helen.michael@blankrome.com

LISA M. CAMPISI (*pro hac vice*)
1271 Avenue of the Americas

**BUTLER WEIHMULLER KATZ CRAIG LLP**

By: /s/ *Richard D. Gable*
RICHARD D. GABLE (PA Bar 65842)
Email: rgable@butler.legal
1818 Market Street, Suite 2740
Philadelphia, PA 19103
Telephone: 267.507.1410
Facsimile: 215.405.9190

*Attorneys for Defendant Factory Mutual Insurance Co.*

New York, New York 10020-1300
Telephone: (212) 885-5378
Facsimile: (212) 685-9926
lisa.campisi@blankrome.com

*Attorneys for Plaintiff Philadelphia Eagles Limited Partnership*