# EXHIBIT 4



Reed Smith LLP
Reed Smith Centre
225 Fifth Avenue
Pittsburgh, PA 15222-2716
+1 412 288 3131
Fax +1 412 288 3063
reedsmith.com

**James C. Martin**
Direct Phone: +1 412 288 3546
Email: jcmartin@reedsmith.com

July 19, 2023

**Via CM/ECF**

Patricia S. Dodszuweit
Clerk of the United States Court of Appeals
for the Third Circuit
21400 U.S. Courthouse
601 Market Street
Philadelphia, PA 19106-1790

Re: *1 S.A.N.T., Inc. v. National Fire & Marine Insurance Co.*, No. 21-1109 (and consolidated appeals Nos. 20-3124, 21-1038, 21-1039, 21-1106, 21-1107, 21-1175, 21-1240, 21-1294)

**Notice of Supplemental Authority Pursuant to Federal Rule of Appellate Procedure 28(j)**

*MacMiles, LLC d/b/a Grant Street Tavern v. Erie Insurance Exchange.*, No. 307 WAL 2022 (Pa. July 13, 2023) (Order Granting Allowance of Appeal) (**attached as Exhibit A**)

*Ungarean v. CNA & Valley Forge Insurance Company*, Nos. 313 & 314 WAL 2022 (Pa. July 13, 2023) (Order Granting Allowance of Appeal) (**attached as Exhibit B**)

Dear Ms. Dodszuweit:

Plaintiff-Appellant 1 S.A.N.T., Inc. submits recent orders of the Supreme Court of Pennsylvania granting allowance of appeal in two cases directly related to the above-captioned consolidated appeals (Appeals) pending before this Court: *MacMiles, LLC d/b/a Grant Street Tavern v. Erie Insurance Exchange*, No. 307 WAL 2022 (Pa.) and *Ungarean v. CNA & Valley Forge Insurance Co.*, Nos. 313 & 314 WAL 2022 (Pa.). The orders support Plaintiffs' pending petition for rehearing en banc requesting certification of the "physical loss" coverage issue to the Supreme Court of Pennsylvania or, at the very least, a stay of the mandate pending the Supreme Court's disposition on the merits in *MacMiles* and *Ungarean*.

The questions presented for Supreme Court review in *MacMiles* and *Ungarean* encompass the "physical loss" issue at the heart of these Appeals, and the Supreme Court accordingly will provide a definitive answer on the meaning of that phrase in the context of virtually identical insurance policies. The reasons to certify or stay outlined in Plaintiffs' petition thus are even more compelling now, and fairness to the policyholders here calls for the relief sought in their petition.

Case: 22-1301 Document: 74-1 Page: 2 Date Filed: 07/19/2023
Case 2:13-cv-01770-MMB Document 174-1 Filed 06/23 Page 3 of 8



Patricia S. Dodszuweit
July 19, 2023
Page 2

Very truly yours,

*/s/ James C. Martin*

James C. Martin

JCM:sk

# Exhibit A

# IN THE SUPREME COURT OF PENNSYLVANIA
# WESTERN DISTRICT

| | | |
|---|---|---|
| MACMILES, LLC D/B/A GRANT STREET TAVERN, | : | No. 307 WAL 2022 |
| | : | |
| Petitioner | : | Petition for Allowance of Appeal |
| | : | from the Order of the Superior Court |
| v. | : | |
| | : | |
| ERIE INSURANCE EXCHANGE, | : | |
| | : | |
| Respondent | : | |

## ORDER

**PER CURIAM**

    **AND NOW**, this 13th day of July, 2023, the Petition for Allowance of Appeal is **GRANTED**. The issue, as stated by petitioner, is:

    Did the Superior Court err as a matter of law in finding that Petitioner is not entitled to coverage under its policy of insurance with Respondent for losses associated with the COVID-19 pandemic when the insurance policy is ambiguous and Pennsylvania law mandates that an ambiguity should be construed in favor of the insured?

    The Prothonotary is directed to list this matter for argument simultaneously with *Ungarean v. CNA*, 11 & 12 WAP 2023.

# **Exhibit B**

# IN THE SUPREME COURT OF PENNSYLVANIA
# WESTERN DISTRICT

| | |
|---|---|
| TIMOTHY A. UNGAREAN, DMD D/B/A SMILE SAVERS DENTISTRY, PC, INDIVIDUALLY AND ON BEHALF OF A CLASS OF SIMILARLY SITUATED PERSONS, <br><br> Respondent <br><br> v. <br><br> CNA AND VALLEY FORGE INSURANCE COMPANY, <br><br> Petitioners | : Nos. 313 & 314 WAL 2022 <br> : <br> : <br> : Petition for Allowance of Appeal <br> : from the Order of the Superior Court |

## ORDER

**PER CURIAM**

    **AND NOW**, this 13th day of July, 2023, the Petition for Allowance of Appeal is **GRANTED**. The issues, as stated by petitioners, are:

(1) Did the Superior Court err in its decision affirming the trial court's opinion concluding that Respondent Timothy A. Ungarean, DMD is entitled to Business Income, Extra Expense and Civil Authority coverage under the policy issued by Petitioner Valley Forge Insurance Company as a result of the COVID-19 pandemic and associated orders issued by Governor Wolf, where the policy only provides coverage following "direct physical loss of or damage to" property and neither the relevant government orders nor the COVID-19 pandemic caused a physical alteration to property?

(2) Did the Superior Court err in its decision affirming the trial court's opinion concluding that Respondent Timothy A. Ungarean, DMD is entitled to Civil Authority coverage under the policy issued by Petitioner Valley

Case: 2:21-cv-01777-MMB Document 174-3 Filed 10/05/23 Page 2 of 3

Forge Insurance Company as a result of the COVID-19 pandemic and associated orders issued by Governor Wolf, where the policy provides such coverage only following an action by a civil authority that was issued "due to" physical loss of or damage to property and "prohibit[s] access" to a policyholder's premises?

(3) Did the Superior Court err in its decision affirming the trial court's opinion concluding that the Contamination; Consequential Loss; Fungi, Wet Rot, Dry Rot, and Microbes; Acts or Decisions; and Ordinance or Law exclusions in the policy issued by Petitioner Valley Forge Insurance Company did not bar coverage for Respondent Timothy A. Ungarean, DMD's alleged losses related to the COVID-19 pandemic and associated orders issued by Governor Wolf?

The Prothonotary is directed to list this matter for argument simultaneously with *MacMiles, LLC v. Erie Insurance Exchange*, 10 WAP 2023.